## Estes Mills Co. *v.* Stewart A. Shannon Co., Appellant.

*Evidence—Sufficiency—Letters—Mailing—Proof.*

Where the only testimony as to the posting of certain letters, which were offered in evidence, was the uncontradicted statement that the stenographer mailed them to the defendant, and they were never questioned or returned, it was not error to receive them in evidence. The assertion that letters were mailed implies that they were duly stamped.

Argued April 24, 1923. Appeal, No. 52, April T., 1923, by defendant, from judgment of C. P. Allegheny Co., July T., 1922, No. 922, refusing to grant an appeal

536, (1923).] Statement of Facts—Opinion of the Court.
from judgment of County Court in the case of Estes
Mills Co. v. Stewart A. Shannon Co. Before PORTER,
HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.
Affirmed.

Petition for an appeal from judgment of the County
Court of Allegheny County. Before SHAFER, P. J.
The opinion of the Superior Court states the case.
The court refused to allow an appeal and discharged
defendant's petition therefor. Defendant appealed.

*Error assigned* was the judgment of the court, quoting
it.

*B. J. Jarrett,* and with him *Fagan, Dillon & Fagan,*
for appellant.—It must appear that letters were mailed
and properly addressed before any presumption of their
being received can be raised: Williams v. Patterson, 38
Pa. Superior Ct. 324; The Press P. Co. v. Reading N.
Agency, 44 Pa. Superior Ct. 435.

*Frank W. Stonecipher,* and with him *John M. Ralston,*
for appellee.—The popular understanding of the word
"mailed" as applied to a letter is that it was duly
stamped and placed under the control of the officers of
the postal department: Reynolds v. Maryland Casualty
Co., 30 Pa. Superior Ct. 456.

OPINION BY TREXLER, J., July 12, 1923:
The action was brought in the County Court of Alle-
gheny County to recover the contract price of certain
mops. The jury found in favor of the plaintiff, the pe-
tition of the defendant for the allowance of an appeal
to the court of common pleas was discharged, and the
error assigned is the refusal to grant the appeal.
The only question properly presented is whether the
county court correctly decided to receive as evidence cer-
tain letters marked Exhibits "C" and "D." The record

presented is very meagre and of course the question submitted to us must be decided by reference to the paperbooks. The objection to the letters designated as "C" and "D" was "that the testimony in the case does not disclose to whom these exhibits had been mailed, when they were mailed or whether or not they had been mailed to the......defendant's place of address or whether they had been regularly stamped as they should have been." The deposition of J. E. Estes received without objection contains the following in reference to the letters "C" and "D." "These were mailed by her [the stenographer] the same day [July 19th] to Mr. Shannon's Pittsburgh office. They were never questioned or returned to us." There was no cross-examination to ascertain whether the witness knew what he was talking about, but his statement remains as made. The assertion that the letters were mailed implies that they were duly stamped: Reynolds v. Maryland Casualty Co., 30 Pa. Superior Ct. 456. How can the court be convicted of error in refusing to sustain this objection to the letters in the face of testimony which did disclose that the exhibits had been mailed on a day certain to the defendant's Pittsburgh address, and presumably properly stamped?

The assignment of error is overruled and the judgment is affirmed.