Broomall v. Pennsylvania Railroad Co., Appellant.

Argued January 14, 1929.   Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

134

*Frank M. Hunter,* of *Hannum, Hunter, Hannum &
Hodge,* for appellant.—The trial judge did not err in the
portion of the charge objected to, particularly when he
used the words, "in so far as it has been testified to" in
referring to prices paid for other lands in the vicinity of
the taking, when all such testimony was properly in the
evidence, and the trial judge in granting a new trial on
this point alone, as was done here, is seeking to correct
something that needs no correction: Danboro & Plum-
steadville T. Road v. County, 258 Pa. 391.

A witness may be asked as to particular sales to ascer-
tain whether he knew of and considered them in forming
an opinion as to value, and it may be shown, for the pur-
pose of affecting the weight of the opinion he has given,
that it is based on a misapprehension of the facts: Neely
v. R. R., 219 Pa. 349; Reed v. R. R., 210 Pa. 211; Friday
v. R. R., 204 Pa. 405; James McMillin P. Co. v. R. R.,
216 Pa. 504; Pitts. & Western R. R. v. Patterson, 107
Pa. 461.

A party may not sit silent and take his chances of a
verdict, and then, if it is adverse, complain of a matter
which, if an error, would have been immediately rectified
and made harmless: Lerch v. Hershey Transit Co., 255
Pa. 190; Moyer v. R. R., 248 Pa. 210; Mastel v. Walker,
246 Pa. 65; Schwartz v. Caplan, 256 Pa. 239; Loughrey

v. R. R., 284 Pa. 267; Keystone Paper Mills Co. v. Ins. Co., 291 Pa. 119; Markowitz v. R. R., 216 Pa. 535.

*Robert B. Greer,* with him *Howard Kirk,* for appellee. —In determining market value in a land-damage case, evidence of particular sales of properties is improper and will not be received: Penna. Co.'s App., 282 Pa. 69; East Penna. R. R. v. Hiester, 40 Pa. 53; Hays v. Briggs, 74 Pa. 373; Llewellyn v. Coal Co., 255 Pa. 291; Schonhardt v. R. R., 216 Pa. 224; Penna. Co. v. Phila., 268 Pa. 559; Westmoreland C. & C. Co., 293 Pa. 326.

A witness in a land-damage case who is familiar with the property in question over a period of years, and who personally knows of sales of other land in the immediate neighborhood, is competent to testify: Penna. & New York R. R. v. Bunnell, 81 Pa. 414; Hope v. R. R., 211 Pa. 401.

Considered as a whole, the charge was misleading and prejudicial to plaintiff: Penna. R. R. v. Berry, 68 Pa. 272; Wolfe v. Hepler, 30 Pa. Dist. R. 671; Weiss v. London G. & A. Co., 280 Pa. 325; Penna. Canal Co. v. Harris, 101 Pa. 80.

OPINION BY MR. JUSTICE SADLER, March 18, 1929:

The defendant instituted condemnation proceedings to take certain lands in Delaware County. The proceeding was submitted to viewers, who made an award. An appeal brought the matter to the court of common pleas, and an issue was framed at the request of plaintiff. The case was tried and presented at length, and after a careful and exhaustive charge the jury rendered a verdict for the plaintiff for $11,885.65. Many witnesses were called by plaintiff and defendant, and in order that their ability to state an opinion as to value could be determined, questions were asked on cross-examination as to their knowledge of land values in the community. They were queried as to particular sales, and the prices obtained, so that the jury might determine their quali-

fications as to the testimony of general selling price which they expressed. That this examination was intended and permitted solely to determine their power to appraise generally clearly appears in the record. This was the only reason for the inquiries made by both plaintiff and defendant, as is evident from the record, and is not disputed. The jury, which had been upon the ground, could not, of course, base its final decision upon specific prices obtained for like property, and no attempt was made to have them do so. As said by Mr. Justice FRAZER, in one of the most recent of the condemnation cases (Serals v. West Chester Boro. Sch. Dist., 292 Pa. 134): "The proper test of the value of land taken under the right of eminent domain is not to be ascertained by proof of particular sales; but by the general selling price of land similarly situated." This statement follows the rulings found in a long line of authorities which are referred to in that decision.

Quoting from Mr. Justice KEPHART (Penna. Co. for Ins. on Lives v. Phila., 268 Pa. 559, 562): "Generally speaking, it is improper on cross-examination [it is wrong of course to ask in chief as to particular sales]; but if the witness states that he bases a value on a particular sale, he may then be asked on cross-examination the price paid in that sale, to test his good faith and the accuracy and extent of his knowledge...... The rejection [or admission] of such evidence is largely within the discretion of the trial court......; which this court will not disturb unless it is manifest the evidence should have been admitted [or rejected]." The question is the general selling price and the amount by which the taking has reduced it, and the particular sales cannot enter into the case, except on cross-examination to test the weight of the evidence of the one who has testified as to the general market value. Here, both sides attacked the quality of the evidence given by the other in the way suggested with leave of court, and thus this question got

upon the record. But it is not as to the admission of such testimony that the present appeal is directed.

No special requests for charge were made, and the questions involved were submitted in a charge which elaborately discussed the law and the facts. The verdict was not satisfactory to the plaintiff, and he filed fifteen exceptions, directed largely to the refusal to receive certain evidence, the court's misconception of the true measure of damages for a taking, the instructions as to compensation allowable for delay in payment, as well as the general presentation of the case, claimed to be unfair to plaintiff, and these matters are again pressed in the brief filed here by the appellee. All of the errors alleged were held by the trial judge to be without foundation except the one directed to a phrase in the charge, repeated here, which led it to award a new trial, from which order this appeal was taken.

The first question which arises is the right to a review in such a case. Ordinarily, an appeal, where a new trial has been awarded, is not allowed. The earlier decisions, sustaining this proposition, are collected in Fertax v. Spiegelman, 292 Pa. 139. An exception is however recognized, within which we think this case falls, and that is in the instance where the court below declares it would have refused to grant a new trial "but for the reasons distinctly set forth, which, in its opinion, led to the grant of the motion made": Class & Nachod Brewing Co. v. Giacobello, 277 Pa. 530. The court below here was avowedly of the opinion that no merit appeared in any of the fifteen reasons assigned, except the one which was the basis of the present controversy,—a supplemental reason based on an excerpt from the charge. It believed that, from the use of the phrase referred to, the verdict might have been based on the prices obtained at particular sales, this knowledge having been elicited on cross-examination by both parties, though the jury had been expressly directed that the decrease in the general market value alone should control its deliberation.

The phrase from one paragraph of the charge relied on reads as follows: "In doing that it is only fair that you should take into consideration, in so far as it has been testified to, all the prices which were paid for other lands in the community when sales were made. It seems from the testimony, so far as I can recollect, that there were only about eight sales during a period,—you will have to remember whether it was from 1920 to 1926 or 1923 to 1926, or whatever it was, because the court is a little hazy on that subject. I think there were only eight sales." It must be noted that this statement was made in connection with, and immediately followed, the statement: "Now, the value to be found of this land and buildings, or the damages or verdict which you allow to the plaintiff, must be an actual value which you find this property had immediately before the taking or at the time of the taking and unaffected by the order of the commission. Now, that actual value I would say is a fair market value and a fair market value is the price or sum which the land would have brought at that date after full and fair advertisement at either public or private sale; that is the value that you should arrive at." Taking the two clauses together, the one last referred to preceding the other, we can reach no other conclusion than that the jury was made to fully understand its duty, and that the particular sales were to be considered only in determining the general market price of lands in the community.

The proper measure of damages, though complained of by appellee, had been set forth, and the clause in question was preceded by still another, which read: "In determining which witness you are to follow, as I said to you before, you must determine from their manner on the witness stand, from what they testified to, from the knowledge they apparently had, from the examination that was made of them as to values in this vicinity, and the value of this tract. You must determine that for yourself." And the express meaning of the words, now

complained of, is explained farther on in the paragraph containing the disputed clause, when the court said: "However, that is for you, you must determine for yourselves in arriving at this, just what effect these sales were testified to as having taken place in the neighborhood, the amounts they brought, and you must also determine ......what effect the knowledge of the sales had on the ability of the witnesses who appeared before you to testify as to this particular sale that is before you."

We cannot see how a jury could be misled by this charge, taken as a whole, as to their duty in the premises. Certainly, it could not be instilled with the belief that their verdict should be based on the prices of particular properties, but that they should only consider how they affected the general market value of the land in the community, and thus fix the amount of depreciation and money loss. The language used may seem to a critical eye slightly confusing, but there is no such inaccuracy or contradiction as to mislead a jury as to its duty in fixing an award, the measure of which had been explicitly and correctly set forth. Even if there had been inadequacy in expression or phraseology, the duty was upon the plaintiff to ask that the wording be explained so as to clarify what had been said, if leave was granted, as it was here.

When the case closed, the court asked both sides whether any further charge or explanation on any point was desired, so that opportunity was thus given to have the language used clarified. Counsel for plaintiff then suggested but one matter, attention being called to the fact that the court had failed to clearly state what allowance for damages could be made for the delay in payment from the time of taking to the time of the award. The trial judge, in a further instruction covering a full printed page, thereupon made additional explanation. No suggestion as to the misuse of the wording concerning individual sales, if any there was, or the possibility of misunderstanding now suggested, was made. A juror

thereafter made a query which was answered, and it was not until the case then closed that general exceptions were filed on behalf of plaintiff, nine in number. In one of these the phrase is used "comments on sales," referring to the charge, but an examination of all nine shows that the complaints of the plaintiff were really directed, at the time, to the rejection of a witness, the criticism that the court told the jury that difference in market values should control the award of damages, and that its charge was inadequate, and were not directed to alleged error in using words which might lead the jury to the belief that it should base its verdict on prices obtained at particular sales.

The law is well settled that where a litigant fails to avail himself of an opportunity offered by the trial judge to suggest inaccuracies in its charge, he cannot complain thereafter, if there was a failure to correct the language employed. This principle has been maintained in a long line of cases, of which Loughrey v. P. R. R. Co., 284 Pa. 267, is an illustration. Plaintiff had his opportunity in court, and the only possible error could have been corrected on trial, had it been thought of any importance. He saw fit to take the chances of a verdict in his favor, and remained silent when he could complain if he thought a misstatement had been made, or the language employed by the trial judge in his charge was confusing, but failed to do so. If he sits by without dissent, and fails to ask a correction,—the error not being basic,—he cannot then object, and thus secure a second trial in the hope of obtaining a more favorable verdict.

The order of the court below granting a new trial is reversed.