## McCartney v. Bareford, Appellant.

Argued December 8, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*Louis Wagner* and with him *Richard A. Smith* and *Thomas J. Clary*, for appellant.

*Morris W. Kolander*, for appellee.

Opinion by Linn, J., March 5, 1932.

The complaint on this appeal is based on the following extract from the charge: "On the other hand, if the accident happened as Mr. Bareford [appellant] and his corroborating witnesses say it did, then you will have to decide whether, under that testimony Mr. Bareford was negligent, because it may be that even on his own story, he was negligent." Appellant criticizes it on the ground that it withdrew from the

jury the "particular theory of negligence" on which the case was tried. We do not so understand it.

Plaintiff was a passenger in the car of her brother, who drove northward on 5th Street, 44 feet wide between curb lines. Defendant drove his automobile eastward on Lindley Avenue, 33 feet wide between curb lines. There was an automatic signal light, showing red, green or amber, in the intersection of the two streets. Fifth Street had both north-bound and south-bound street car tracks.

From the evidence offered on behalf of plaintiff, the jury could have found that defendant traveled at high speed—"40 to 45 miles an hour"—and continued into the intersection before the signal for Lindley Avenue turned green. On the other hand, from some of the evidence offered on behalf of defendant, the jury might have found that he was not negligent, but that plaintiff's brother was negligent in approaching and attempting to cross Lindley Avenue. With such contradiction the court was bound to submit the case to the jury.

In his charge the learned trial judge went over the evidence in detail, and while doing so, used the sentence which was picked out of the charge and assigned for error. Appellant, while not denying that there was evidence for the jury, complains particularly that there was nothing in defendant's evidence which could support a finding that he was negligent, and that the sentence quoted was therefore inapplicable. Now, laying aside the evidence of plaintiff and her witnesses to the effect that defendant was negligent, the jury could also have found, from part of defendant's evidence, that when he reached the intersection, the color of the signal light was amber, and that a street car was then moving against an amber light southward across Lindley Avenue; that he passed into the intersection while the street car was crossing Lindley Ave-

nue, and that he did not see the approach of the automobile in which plaintiff was riding, until he reached a point at which he could see around the back of the street car; that he therefore must have entered the intersection before the light turned green. Section 1026, entitled Traffic Signal Interpretations, Motor Vehicle Code, 1929, P. L. 905, 985; 75 P. S. 635, provides as follows: "3. Red or 'Stop.'—Traffic facing the signal shall stop before entering the intersection and remain standing until green or 'go' is shown alone ......" The evidence, if believed, would also support a conclusion that defendant did not comply with that section in moving into the intersection; see Galliano v. East Penn Electric Co., 303 Pa. 498; Gilles v. Leas, 282 Pa. 318; Mantia v. Pearlman, 91 Pa. Superior Ct. 478.

Judgment affirmed.

This opinion was written by Judge LINN prior to his appointment to the Supreme Court, and has been adopted as the opinion of this court. F. M. TREXLER, P. J.