Opinion by
 

 Kenworthey, J.,
 

 This is an action on an insurance policy to recover for the loss of a rotary converter, concededly burned out by an overload caused by a short circuit. The trial resulted in a verdict for the plaintiff in the amount of $1,700. Defendant has appealed from the refusal of its motion for judgment n.o.v. and for a new trial.
 

 Without quoting the exact language, defendant, under the terms of the policy, agreed to pay plaintiff for loss on the converter directly damaged by accident, “excluding (a) loss from fire outside the object.” The converter was located in a wooden, one-story building called the power house, which was approximately two hundred feet away from a small group of buildings, consisting of a dump house, a scale house and a tipple. Early in the morning of September 30, 1937, a fire oc
 
 *195
 
 curred, which destroyed the dump house, scale house and tipple. After the fire a trolley wire was found to have fallen across the metal remains of several coal cars. It was defendant’s theory that the fire started from a stove in the scale house, that the fire caused the trolley wire to fall and that this, in turn, was responsible for the short circuit which damaged the converter. It was plaintiffs’ contention that the chain of events which caused the damage to the converter was touched off by a defect in a wall switch in the scale house. It was shown that, on the day preceding the fire, the connections on this switch had become loose and had “sparked” or “fired” until the wire had burned itself loose. A temporary repair job was done by re-inserting the wire in the clamp of the switch, but the connections were not cleaned. The night watchman testified that, on the morning of the fire, he had been attracted to the scale house by a flashing light similar to that thrown by arc welding. He immediately went there and found the fire at about the same point where the wire had burned the day before. He said there was no fire coming from the stove. After an unsuccessful attempt to extinguish it with chemicals, he telephoned the mine superintendent and, as he returned to the fire, heard a cracking noise and saw a light in the power house. He immediately went there, saw that the converter was flashing fire, leaned in the window and pulled the switch, thereby disconnecting the converter. In an attempt to negative the theory that the short circuit had been caused by the fallen trolley wire, plaintiff showed that after the fire there was no indication that the wire was fused to the metal across which it lay nor that either the wire or the metal was blistered. In an attempt to negative the theory that the fire had started in the stove, it was testified that the stovepipe was a six-inch casing pipe, which went through the roof, where it was protected by sheet iron. On the basis of these facts, expert witnesses called by plaintiff testified that,
 
 *196
 
 in their opinion, the short circuit in the switch played the dual role of starting the fire and causing the short circuit in the converter. This testimony was admitted without objection and it presented an issue of fact which was properly for the jury. Defendant’s motion for judgment n.o.v. was correctly overruled.
 

 In support of its motion for new trial, defendant raised several questions.
 

 First.
 
 After the trial judge had finished his charge, counsel for defendant criticised that portion of it dealing with the burden of proof. The jury were then instructed that “the burden rests on the plaintiff in the case to establish in the first instance that this machine was destroyed totally by accident. The burden of establishing exceptions or exclusions which would not make the defendant company liable is on defendant. After it has put in its testimony then it is. the duty of the defendant to answer or refute the testimony introduced if the same requires refutation or answer.” This is a correct statement of the law.
 
 Zenner v. Goetz,
 
 324 Pa. 432, 188 A. 124;
 
 Gardocki v. Polish National Alliance,
 
 141 Pa. Superior Ct. 53, 14 A. (2d) 604. Although not as full and complete an explanation as might be desired, defendant cannot be heard to complain, because he declined to take advantage of an invitation by the trial judge to make any further suggestion.
 
 Broomall v. Pennsylvania R. R. Co.,
 
 296 Pa. 132, 145 A. 703.
 

 Second.
 
 Summons and statement of claim were filed on April 21, 1938. On October 4, 1938, defendant, after several intervening procedural steps, filed an affidavit of defense to the merits. The case was ordered on the trial list on December 16, 1938, and was fixed for trial January Term, 1939. January 13, 1939, defendant filed an amendment to the affidavit of defense. On January 16th, three days before the case was actually tried, defendant filed three separate motions (1) motion to add as defendants eleven insurance companies, (2) motion to add the same insurance companies as use-plaintiffs
 
 *197
 
 and (3) motion to file a supplemental affidavit of defense. All three motions asked for a rule to show cause. None of the motions contained any averments of fact. The only intimation of the basis for them is found in the third, in which defendant asked leave to allege under new matter that “the said Brier Hill Coal Company has been reimbursed for its loss as alleged and pleaded in its statement of claim and its amendments” by the listed insurance companies. The court refused all three motions. These motions were all renewed in one form or another during the course of the trial. The Real Party in Interest Rule did not take effect until after suit was commenced. Pa. R. C. P. No. 2024, 12 P. S. Appendix. Likewise, the motion to make them use-plaintiffs was properly refused because, under the law as it then existed, the extent of the interest of a use-plaintiff was immaterial.
 
 Pennsylvania Company v. Lebanon Building & Loan Association,
 
 337 Pa. 316, 10 A. (2d) 418;
 
 Purdy v. Massey,
 
 306 Pa. 288, 159 A. 545;
 
 Howes v. Scott,
 
 224 Pa. 7, 73 A. 186. The motion to add them as parties defendant was properly refused because it failed to set forth a cause of action against them.
 
 Hoffman v. Repp,
 
 337 Pa. 486, 12 A. (2d) 311;
 
 Sansotta v. Pittsburgh,
 
 330 Pa. 199, 199 A. 164. If the refusal of defendant’s motion for leave to file a supplemental affidavit of defense has deprived it of a valid defense, the fault lies with it rather than with the court. The entire motion, as it appears in the record, is printed in the margin.
 
 [1]
 

 
 *198
 
 Defendant now contends that it sought to make this amendment for the purpose of introducing a partial defense under the Other Property Insurance Clause of the policy, which provides that “If the assured has other insurance covering a property loss also covered hereby, the company shall be liable only for the proportion of such loss which the indemnity applicable thereto under this policy bears to the whole amount of valid and collectible insurance.” But there is nothing in the proposed new matter which suggests this defense. It is in fact negatived by the averment that “defendant is not indebted to [plaintiff] in any manner or sum whatsoever.” And since the issue was not properly before the court and jury, the court properly refused to allow defendant to introduce it at the trial.
 

 All the assignments of error are overruled and judgment is affirmed.
 

 [1]
 

 “And now, to-wit, this 16th day of January, 1939, the above named defendant, by its attorneys, Brandon and Brandon moves the court to grant a rule on the above named plaintiff to show cause why the above named defendant may not file a supplemental affidavit of defense pleading new matter and alleging:
 

 “That the said Brier Hill Coal Company has been reimbursed for its loss as alleged and pleaded in its statement of claim and its amendments, filed at the above number and term, by the following fire insurance companies: (naming them) and that the above named defendant is not indebted to it in any manner or sum whatsoever.”