Nicola, Appellant, v. American Stores Company.

Argued Jan. 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harry M. Sablosky,* with him *Milton Jacobson,* for appellant.

*John E. Flynn,* with him *High, Swartz, Flynn & Roberts,* for appellee.

OPINION BY MR. JUSTICE DREW, March 19, 1945:

In this action of trespass for damages for personal injuries the jury returned a verdict in favor of defendant. Plaintiff alleged trial errors, and after her motion for a new trial had been refused and judgment entered on the verdict, she took this appeal.

A careful review of the record shows there were no trial errors and that the verdict is supported by a preponderance of the testimony.

At about four o'clock of the afternoon of December 29, 1939, when it was light, plaintiff slipped and fell upon the sidewalk in front of a store owned and operated by defendant, on Main Street, Norristown. She testified that she saw a paper bag on the pavement when eight feet from it, and that she walked on, "stepped on the side of the bag and fell." When she had fallen she saw the bag contained a broken jar of mustard. Her chief contention for a new trial is that the trial judge did not adequately instruct the jury regarding constructive notice. There was no request for such instruction and no reason why such instruction should have been

given. The situation at the trial was, as stated by the learned court below in its opinion: ". . . the pleadings in the case and the manner in which it was presented showed that plaintiff's theory was that the jar of mustard had been on the sidewalk for over two hours; that certain employees of the store had notice of it and failed to clean it up; that the mustard was concealed by a paper bag placed there by one of the employees; and that plaintiff stepped on the mustard, fell and was injured. However, plaintiff did not and could not prove that any employee of the defendant had placed a paper bag concealing the mustard. There can be no question that the case was tried and argued before the jury upon the issue of actual notice, and not constructive notice. The trial judge clearly and concisely explained to the jury the plaintiff's contention and defendant's contentions, which were based upon actual notice or lack of it. No objection or exception was taken by plaintiff's counsel to the charge for this reason except a general exception, and it is too late now to attempt to change his theory to one of constructive notice. See *Penna. R. R. v. Pittsburgh,* 335 Pa. 449 (1939), p. 464".

In *Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331, we said: "Even though isolated portions of the charge may be the subject of criticism, the charge must be considered as a whole, and if, when so considered, the issues are fairly put before the jury, the judgment will not be reversed: *Casey v. Siciliano,* 310 Pa. 238. Furthermore, the criticised instruction was not specifically excepted to; but the attempt is now made to object to it under the general exception which appellant made to the court's charge. It was an error which could easily have been corrected at the trial, and would have been if counsel had called attention to it or taken a specific exception. A proper administration of justice requires that new trials be not granted on errors which counsel had ample opportunity to correct. It is only when errors are basic and fundamental and cannot be corrected at the trial

that this court will consider them under a general exception: *Medvidovich v. Schultz*, 309 Pa. 450; *Whitton v. H. A. Gable Co.*, 331 Pa. 429. This is a salutory rule for the dispatch of public business."

In conclusion the learned court below well said: "A careful review of the entire record in this case convinces us that plaintiff received a fair trial of her case and that the verdict is just, and not contrary to the weight of the evidence, the law, or the charge of the court. The jury were well justified in finding from the evidence that either plaintiff was guilty of contributory negligence in stepping on a bag containing a broken jar of mustard after seeing it eight feet away, or that plaintiff slipped on the wet sidewalk and fell, before she came to the mustard, as related by defendant's eye witness, — in which event defendant would not be guilty of any negligence contributing to the injury."

We find no merit in the other alleged trial errors.

Judgment affirmed.