## Steele *v.* France, Appellant.

Argued September 29, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*D. H. McConnell,* for appellant.

*H. Fred Mercer, Jr.,* with him *Louis Z. Marohnic* and *Mercer & Buckley,* for appellee.

OPINION BY MR. JUSTICE DREW, November 14, 1949:

In this trespass action, Theodore France, defendant, admitted that on East Street in the City of Pittsburgh he negligently drove his car into the rear of a parked

truck in which the owner, Ethelbert Steele, plaintiff, was sitting. The only issue contested at the trial was the amount of damages to be awarded to plaintiff. The jury returned a verdict of $14,270 and, after defendant's motion for new trial was denied, judgment was entered on that verdict. Defendant then brought this appeal.

On March 19, 1947, at 6:45 P. M., plaintiff was sitting in the driver's seat of his ½ ton pick-up truck which was parked in front of his home at 1532 East Street, Pittsburgh. East Street is a north-south street, 30 feet wide and at the time of the accident was completely free of traffic. The truck was parked directly against the curb facing north with its parking lights on and its hand brake set. Defendant, driving north at a speed of 45 to 50 miles per hour, ran directly into the rear of plaintiff's truck causing plaintiff the serious injuries of which he here complains.

Dr. Harry L. Richards, who has treated plaintiff continuously since the accident, testified that plaintiff had received a cerebral concussion and a severe sacroiliac sprain as a result of the accident, and that the sacroiliac sprain was permanent and rendered plaintiff 70% disabled. Numerous witnesses testified that plaintiff, a man forty-two years old and engaged in the general contracting business, had been extremely active prior to the accident and employed no assistants in his business but that since that time his two oldest sons have been doing most of the work and plaintiff has acted merely as a supervisor. Defendant's only witness was a Dr. Foster who examined plaintiff fourteen months after the accident. It was his opinion that plaintiff's disability is due to arthritis which existed even prior to the accident but which could have been aggravated by the accident.

The objections which defendant here raises are to the charge of the learned trial judge. Defendant argues that because of these alleged errors the verdict of the

jury is contrary to the law or, at the least, must be deemed excessive.

Defendant did not seek a specific exception to any portion of the charge but, under his general exception, now contends that the charge was too favorable to plaintiff. We have repeatedly held that only where the errors in the charge are basic and fundamental and could not have been corrected at the trial will this Court consider them under a general exception: *Nicola v. American Stores Co.*, 351 Pa. 404, 41 A. 2d 662; *Spitzer et al. v. Phila. Transp. Co.*, 348 Pa. 548, 36 A. 2d 503; *Broomall v. Penna. R. R. Co.*, 296 Pa. 132, 145 A. 703. After a thorough and careful examination of the charge, we can find no basic and fundamental error therein. It is true that a few sentences might have been more carefully phrased but "Even though isolated portions of the charge may be the subject of criticism, the charge must be considered as a whole, and if, when so considered, the issues are fairly put before the jury, the judgment will not be reversed.": *Giannone v. Reale,* 333 Pa. 21, 24, 3 A. 2d 331. In the instant case, the court fully and impartially sets forth in its charge the issues to be decided by the jury. The charge was unduly favorable to neither party. Rather it constituted an accurate resume of the evidence and a complete exposition of the applicable law.

Defendant urges that the issue of aggravation of a pre-existing arthritic condition, not having been raised in plaintiff's Complaint, should not have been submitted to the jury in the charge of the trial judge. That argument overlooks the fact that defendant, through his own witness, introduced that element into the case. In that respect, this case is ruled by *Reppert v. White Star Lines, Inc., et al.,* 323 Pa. 346, 186 A. 788, where we held that when the element of aggravation of a previously existing condition is injected into a case by defendant in order to mitigate damages, it is not error for the trial judge to charge the jury on the subject of aggravation.

Counsel for defendant readily admits that he immediately recognized all of the alleged errors in the charge but chose not to specifically object. "He saw fit to take the chances of a verdict in his favor, and remained silent when he could complain if he thought a misstatement had been made. . . . If he sits by without dissent, and fails to ask a correction,—the error not being basic,—he cannot then object, and thus secure a second trial in the hope of obtaining a more favorable verdict.": *Broomall v. Penna. R. R. Co.*, supra, at p. 140.

Defendant concedes that if the charge is correct the verdict is not excessive. We have reviewed the whole record and are satisfied that both the charge and the verdict were proper under the evidence here produced.

Judgment affirmed.