## Goldstein *v.* Aronson, Appellant.

Argued October 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*Joseph M. McClure,* for appellant.

*Abraham Pervin,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, November 13, 1950:

H. Goldstein, appellee, instituted this action to recover a balance due for labor and materials furnished by him in the performance of a written contract entered into on April 22, 1946 with Milton H. Aronson, appellant, for the interior alteration of the latter's property in the City of Pittsburgh. Appellant filed an answer denying that any balance was due appellee and setting up a counter-claim. Appellee filed a reply disputing the counter-claim. A jury resolved the issues against appellant and returned a verdict in favor of appellee. This appeal is from the lower court's dismissal of appellant's motion for new trial and the entry of judgment.

The only question involved is whether the trial judge committed reversible error in his charge to the jury. Included, *inter alia,* in appellant's counter-claim was the loss of the rental of three apartments, into which the property was to be converted under the alterations called for by the contract, for a period of five months due to appellee's delay in the completion of the work. At the time of the trial the court and counsel for

both parties were of the impression that a zoning ordinance of the City of Pittsburgh prohibited a conversion of the premises into more than two apartments. The portion of the court's charge complained of by appellant is as follows: "I have given you the measure of the plaintiff's recovery if the plaintiff is entitled to recover. If, and only if, there was an unreasonable delay caused by the plaintiff, and not caused by somebody else, in completing this work so that the defendant lost rentals, then she would be entitled to recover, not the lost rentals of three apartments, but she would be entitled to the lost rentals of only two of the apartments because she had no business putting three apartments in there in the first place. It is against the law and she would not be entitled to recover for something she had no legal right to do; that is, making the third apartment. The evidence as to that is that the two legal apartments rented for $300 a month. The whole building rented for $400 a month but you must take the lower figure because that would be all she would be entitled to recover. Of course, she is not entitled to recover even that unless there was an unreasonable delay caused by the plaintiff."

At the conclusion of the charge the court inquired whether counsel had any requests with respect thereto. Counsel for appellant asked that a calculation showing the rental of the premises to be $300 a month be sent out with the jury. The court acquiesced but counsel then withdrew his request, saying, "They can remember that. I will just forget it." This calculation was based on the rental receivable if the premises were divided into two apartments only, and counsel interposed no objection to the action of the court in so limiting recovery by appellant in this regard nor the manner in which this issue was presented to the jury. Only a general exception was taken to the charge of the court.

It developed, as appears from the opinion of the court below, that unknown to the trial judge and apparently to counsel, the alteration of the premises was undertaken when emergency housing regulations of the local government permitted a larger than two-family use. The instruction of the court was, therefore, erroneous but it affected only the measure of damages. The verdict of the jury against appellant made the question unimportant and the error harmless.

Appellant contends that it was nevertheless prejudicial in that it conveyed to the jury the impression that appellant was a law-breaker. In *Spitzer et al., v. Philadelphia Transportation Company*, 348 Pa. 548, 36 A. 2d 503, this Court said (p. 550) : "While general exceptions are proper, an assignment of error based thereon must show basic and fundamental error. Only such error will be considered by appellate courts: Ellsworth v. Lauth, 311 Pa. 286, 290. Counsel may not remain silent, take no specific exception to the relevant portion of the charge which he thinks is prejudicial to his client, and later, after an adverse verdict, assign a particular portion of the charge as error."

It is stated in appellee's brief and not denied by appellant that before counsel made their closing speeches, the issues to be submitted to the jury were discussed in chambers and the trial judge stated he would charge the jury that the counter-claim for rent must be limited to two apartments because the use of a third apartment was illegal. Under the circumstances it was incumbent upon appellant's counsel to have ascertained and known of the emergency housing regulations permitting more than two apartments to be constructed, especially since lost rental was a substantial item in his client's counter-claim. The record before us does not include any of the testimony and appellant does not contend that the verdict was against the weight

of the evidence. Appellant's apparent acquiescence in the charge forecloses the assertion of error.

Judgment affirmed.