## Johnson, Appellant, *v.* Geiger.

Argued September 29, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*J. Thomas Hoffman,* with him *David S. Palkovitz,* for appellant.

*Sanford M. Chilcote,* with him *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, November 13, 1950:

This action in trespass arises out of a collision between an automobile in which plaintiff, Lottie S. Johnson, was riding as a passenger and an automobile driven by defendant, Raymond W. Geiger. The jury returned a verdict for defendant and after hearing exceptions the learned court below entered judgment on the verdict. Plaintiff now appeals.

The accident occurred at 4:30 P.M., December 10, 1949, a clear dry day. Both cars were proceeding eastward on U. S. Highway 30, a four-lane concrete highway, near the juncture of Allegheny and Westmoreland Counties. The testimony as to the manner in which the accident happened is conflicting but the defendant's evidence, which the jury obviously accepted, was that he was proceeding in the left lane of eastbound traffic because the right lane was partially obstructed; that after passing the obstruction and seeing no traffic approaching from the rear he moved gradually to the right preparatory to making a right turn and while so moving he was struck on the right side by the car in which plaintiff was riding. Plaintiff's witnesses, on the other hand, testified that defendant approached from the left and behind plaintiff's car and that as he came abreast of plaintiff he swerved suddenly to the right and the collision resulted.

From this summary it is obvious that the testimony was in direct conflict. Under these circumstances it was not error for the trial judge to stress the question of credibility in his charge to the jury. By so doing, he did not, as plaintiff contends, take from the jury the right to draw their own conclusions and inferences from all of the evidence. On the contrary, he told them to determine the facts from the evidence and from what they could deduce from the testimony. The charge when read as a whole makes it quite clear that the finding of fact was left solely to the jury and the trial court in no way impinged on their function.

Plaintiff also complains that the trial court failed to charge the jury on the provisions of §3 of The Vehicle Code[1] which provides that before turning a driver "shall first see that such movement can be made in safety". However the trial judge did state that for defendant to have exercised due care he must have looked to see if the right lane was clear. That conveyed to the jury the essence of §3 of the Motor Vehicle Code as applied to these facts. If plaintiff felt that it was an inadequate instruction, she should have sought clarification or, failing that, a specific exception. Since she did neither, she may not now question the adequacy of the charge under a general exception: *Voitasefski v. Pittsburgh Rwys. Co.*, 363 Pa. 220, 69 A. 2d 370; *Steele v. France*, 363 Pa. 165, 69 A. 2d 368.

Plaintiff's last contention is that the admission of testimony in regard to the physical condition of defendant's wife was prejudicial error. That testimony was admitted to show the reason for defendant's journey and was not stressed unduly either by court or counsel. Plaintiff had previously shown the purpose for her trip without objection and it was equally proper for defendant to show the reason for his.

---

[1] Act of June 29, 1937, P.L. 2329.

We find no error in the record of this case. The trial was conducted fairly and impartially; the chargé was complete and correct. Judgment was, therefore, properly entered on the verdict.

Judgment affirmed.