## Wagman et al. v. Paradise Mutual Fire Insurance Company

*Richard J. Budding* and *Paul N. Yost*, for plaintiffs.

*Edwin M. Buchen* and *Douglas Storey*, for defendant.

SHERWOOD, P. J., October 10, 1951.—In this action of assumpsit the jury's verdict was in favor of defendant. Plaintiffs filed motions for a new trial and for judgment n. o. v. The motion for a new trial was that the verdict was against the evidence, the weight of the evidence and against the law. The motion for judgment n. o. v. was in the usual form. Argument upon these motions was heard by the court en banc.

Defendant having the benefit of the verdict is entitled in this proceeding to have the benefit of all facts and inferences from facts found in its favor: Phillips v. Philadelphia Transportation Company, 358 Pa. 265, 266 (1948); Deli et ux. v. Chadderton et al., 365 Pa. 102, 103 (1950). That rule justifies the following statement of facts:

1. Plaintiffs are the insureds and lived at Wagman's Hotel in Newberry Township, on the Susquehanna Trail about 10 miles north of York.

2. Their interest in their household furniture was insured by defendant's policy no. 78620, issued July 9, 1948, which subjected plaintiffs to an assessment;

and the policy providing "if any assessment or any part thereof be not paid when due, the policy shall be void so long as any part of such assessment remains unpaid. . . .".

3. On December 4, 1948, an assessment was levied against the insureds, including plaintiffs, whose assessment was pro rata from July 9, 1948 (date of issue) to December 4, 1948 (date of assessment) ; and on the same date the first notice of assessment was mailed to all insureds notifying them that the assessment was due not later than February 12, 1949.

4. In the issues of the Gazette & Daily for January 12, 19 and 26 and February 2, 1949, defendant inserted a public notice of the assessment and that it was "payable on or before February 12, 1949".

5. On May 2, 1949, the second notice was sent only to those insureds who had not as yet paid the assessment. Mrs. Bowman, a clerk in the office of defendant company, with the aid of policy register no. 6, page 207, in which she personally entered the data, testified that she prepared the second notice, addressed it to Otis Paul and Sarah A. Wagman, York Haven, Newberry Township, and in the upper left-hand corner is a return address of defendant; she personally mailed that letter.

6. The assessment was never paid.

7. On May 12, 1949, the fire destroyed the personal property of plaintiffs.

8. Shortly after the fire plaintiff Otis Wagman stated to Assemblyman Luther Bear he had paid the assessment but did not know where he had paid it. When Justice Fishel went to adjust the loss four days after the fire, this plaintiff told him he had paid the assessment "but my receipt burned".

Under the above facts, plaintiffs cannot claim that the verdict was against either the evidence or the weight of the evidence. This leaves for discussion

only plaintiffs' contention that the verdict is against the law.

As the policy clearly provided that it was suspended during the period the assessment or any part thereof was unpaid, and as the fire occurred during such a period, it cannot be contended that the verdict was against the law: Knouse v. Mutual Fire Insurance Company of Millville, 78 Pa. Superior Ct. 542, 550 (1922) ; Miller v. Elk County Mutual Fire Insurance Company, 323 Pa. 177 (1936).

No contention is made that plaintiffs need not have been notified of the assessment and the last date for payment. The question is, how must that notice be given? The policy is silent on the method of giving notice. The practice of the company was to give notice by public advertisement in a newspaper of general circulation and this notice was published once a week for four consecutive weeks in January and February 1949; and also by mail addressed to the insured at York Haven, Newberry Township, Pa.

Plaintiffs claim there was not sufficient evidence of mailing the second notice. Mrs. Bowman personally addressed and mailed the notice to plaintiffs. While it is true Mrs. Bowman did not say that she put the required postage on the envelope and dropped it into a proper receptacle, this was not necessary. As Judge Henderson said in Reynolds v. Maryland Casualty Company, 30 Pa. Superior Ct. 456, 459:

"The popular understanding of the word 'mailed' as applied to a letter is that it was duly stamped and placed under the control of the officers of the postal department whose duty it is to dispatch postal matter; and this is the meaning which should be attached to it in this case under the testimony. In the absence of evidence to the contrary or any inquiry as to the particular point, the witness might well be understood

to mean that the letter was mailed in conformity with the requirements of the postal service."

See also Estes Mills Co. v. Stewart A. Shannon Co., 81 Pa. Superior Ct. 536; Rossey v. Maybury Chemical Company, 58 D. & C. 532-33.

Therefore, we feel we were correct in charging the jury "that if you believe her (Mrs. Bowman's) oral testimony that the notice was sent, there is a presumption that it was duly received by plaintiffs in this action. . . . If under all the facts in this case you conclude that notice was in reality sent to plaintiffs in this action and there is no such clear testimony that overcomes that presumption, then I say as a matter of law your verdict must be for defendant".

We charged merely upon a presumption and permitted the jury to find from the evidence if that presumption had been overcome by plaintiffs. As the burden of non-persuasion was always upon plaintiffs and as the burden of rebutting this presumption was specifically upon plaintiffs, no right of theirs was invaded or restricted by this charge. It was a jury question. We left the question of fact to the jury.

Defendant contended that plaintiff's evidence was insufficient in quality to rebut the presumption of receipt of notice. Plaintiffs lived at a hotel. There was no evidence that the hotel did not receive the letter addressed to plaintiffs. All that plaintiffs testified to was that they had not received the notice of assessment. When the addressees of letters do not live in a private home to which letters are delivered by the postman, but in a hotel where the letters are delivered to a hotel clerk and not to the addressee, the presumption must be rebutted by the clerk or other proper representative of the hotel. Merely because residents of a hotel claim they never received the letter is not proof that the letter was not delivered to the hotel. Many things can happen to mail after it has been de-

livered to the hotel, and for such misadventures plaintiffs as residents of the hotel are responsible. Certainly defendant is not. See Talmage v. Union Central Life Insurance Company, 315 Ill. App. 623, 43 N. E. (2d) 575, 582, where it was held the presumption was not rebutted: American Surety Company of New York v. Blake, 54 Idaho 1, 27 P.(2d) 972, 91 A. L. R. 153, where the denial of officials of addressee was not sufficient to rebut. And there is respectable authority for the proposition that the mere denial by the addressee is not sufficient; there must be other testimony; there must be "something circumstantial in addition", 9 Wigmore on Evidence (3rd ed.), sec. 2519, p. 433.

Plaintiffs' criticisms of the court's charge have no place in this motion. At the conclusion of the charge plaintiffs asked only for a general exception and the motion for new trial does not except to any part of the charge. Under these circumstances, "counsel may not remain silent, take no specific exception to the relevant portion of the charge which he thinks is prejudicial to his client, and later, after an adverse verdict, assign that particular portion of the charge as error": Goldstein v. Aronson, 365 Pa. 435, 438 (1950). Since plaintiffs neither sought clarification of the charge nor took a specific exception, they "may not now question the adequacy of the charge under a general exception": Johnson v. Geiger, 365 Pa. 583, 585. As was said in Bollinger v. West Penn Power Company, 365 Pa. 599, 601:

"When the charge is read as a whole, as it must be, we find it fully presents the issues of fact to the jury and correctly and adequately states the law applicable thereto."

No basis or fundamental error appears in the court's charge.

We feel the testimony of Mrs. Bowman, when coupled with the forms of the first and second notices of

assessment (which were introduced as exhibits), was more than sufficient to take the case to the jury on the question of whether there was personal notice of the assessment given to plaintiffs. Where a notice is mailed there is a presumption that it was received, provided it was properly addressed and stamped. In the present case, Mrs. Bowman testified that she personally mailed a second notice to plaintiffs on the form introduced as an exhibit. This form had typed or written on it the address of plaintiffs as shown on defendant's ledger, to wit: "York Haven, Newberry Township", and was inserted in "window" envelope through which the address was visible. The envelope had printed on it defendant's return address and this notice so mailed was not returned to defendant by the Post Office Department. Moreover, and this is vitally important, on both notice forms, on the line where plaintiffs' home post office would be inserted there is printed at the beginning of the line the symbols "R.D." and at the end the abbreviation "Pa." Thus, taking Mrs. Bowman's testimony and the notice forms together, it is apparent that both notices were mailed to plaintiff at "R.D. York Haven, Newberry Township, Pa.". It, therefore, follows that properly addressed notices were mailed to plaintiffs from which there arose the presumption of receipt. Plaintiffs attempted to rebut the presumption thus arising by denying receipt and there was, accordingly, a question of fact for the jury. This question of fact was decided by the jury in defendant's favor, and the verdict, therefore, was correct as a matter of law, being based on a finding by the jury that there was personal notice of the assessment.

Plaintiffs also present a motion for judgment n. o. v. As most of their evidence was oral, a directed verdict could not have been had: Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 238; Hershey v. Pittsburgh & West Virginia Railway Company, 366 Pa. 158, 161.

It follows that the motions for a new trial and for judgment non obstante veredicto must be overruled and refused.

And now, to wit, October 10, 1951, at 10 a.m., plaintiffs' motions for a new trial and for judgment non obstante veredicto, filed November 17, 1950, are overruled and refused, and judgment is entered on the verdict in favor of defendant, Paradise Mutual Fire Insurance Company, and against plaintiffs, Otis Paul Wagman and Sarah A. Wagman, with costs of suit.