## Keener, Appellant, v. Hupert.

Argued October 3, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Louis D. Cooper,* with him *Cooper, Hunter & Lewis,* for appellant.

*Kim Darragh,* with him *George Y. Meyer,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, November 12, 1956:

This is an appeal from a final judgment for the defendant following refusal of the court below, sitting en banc, to grant the plaintiff's motion for new trial in a trespass action which arose from a collision between an automobile driven by defendant and a motorcycle operated by plaintiff. The appellant contends that the court below charged the jury that unless they found the accident happened as described by the plaintiff, they should return a verdict for the defendant, and that such instruction was reversible error.

The accident occurred on the Boulevard of the Allies, a large six-lane highway running generally east and west, in the City of Pittsburgh, at or near its intersection with Halket Street. On the south side of this intersection is a large Isaly Dairy Company store and parking lot with three driveways into the lot, one directly at the intersection and the other two being east and west respectively of the intersection. The accident occurred between 5:30 and 6:00 P.M. at a time when the traffic on the boulevard was quite heavy. The only witnesses to the happening of the accident were the plaintiff and the defendant.

Plaintiff's version of the accident was that he was proceeding along the curb lane of the three eastbound

lanes on the boulevard and that when he came to the intersection of Halket Street, the traffic light was red for him, and he stopped. When the light turned green, plaintiff looked to the right and left and then proceeded into the intersection. He then suddenly noticed defendant's car coming out of Halket Street on his left at about 45 miles an hour against the red light. Plaintiff testified that he was unable to avoid the defendant's automobile which struck him at the intersection and drove him twenty feet up into the center driveway of the Isaly store.

On the other hand the defendant's story was that he was travelling west on the boulevard, not on Halket Street, in the extreme left-hand lane. Defendant testified that he stopped to make a left turn into Isaly's east driveway which is 75 feet or more east of the intersection at Halket Street. As he was stopped there waiting for an opportunity to enter the parking lot, drivers in the two outermost eastbound lanes stopped and beckoned him to make his turn ahead of them. Defendant turned left past the front of the two waiting cars and proceeded very slowly into the curb lane. When he was about a foot into this lane, plaintiff's motorcycle glanced off the front of defendant's car and was deflected into the east driveway of the Isaly store.

At the conclusion of the court's charge, the trial judge asked counsel if they had any additions or suggestions. Defense counsel requested additional instructions on burden of proof and the following occurred: "The Court (to the jury): So there is no doubt about that, the burden of proof is the necessity or duty of affirmatively proving a fact or facts in dispute between the parties. The plaintiff here has the burden of proving his claim by the fair weight or preponderance of the evidence. The Court: Then I went on with preponder-

ance. Mr. Darragh: I would ask your Honor to charge the jury that under the pleadings and the evidence, unless the jury should find as a fact that this accident happened substantially as the plaintiff contends, their verdict should be for the defendant. The Court: Oh, sure, the plaintiff has to prove his case. Mr. Darragh: He has to prove the case that he pleads. The Court: That is right, and it is up to the jury to determine whether or not this accident happened at the intersection where the light is or whether it happened at the other one. Mr. Darragh: But he charges that the defendant here came through a red light and came out Halket Street. That's his case. That is the case that he pleaded. The Court: That's right. Mr. Darragh: Unless the jury finds it happened that way, their verdict should be for the defendant. The Court: That's right. That's right."

Plaintiff contends that the above quoted remarks erroneously commanded the jury to return a verdict for the defendant unless they found that the accident occurred as described by the plaintiff. We are in agreement with the court below that the instruction complained of says nothing more than that the plaintiff must prove his case on liability. Plaintiff relies on the case of *McCartney v. Bareford,* 104 Pa. Superior Ct. 594, 159 A. 85, for the principle that the jury could have found from the defendant's testimony that he was negligent. However, in that case there was sufficient evidence presented by the defendant himself from which the jury could find that he was negligent in entering the intersection before he had a favorable traffic signal. In the instant case the only evidence of defendant's negligence was plaintiff's version of the accident, to wit: That defendant negligently ran through the red light at Halket Street and crashed into the plaintiff who was crossing the intersection with the light in his favor. This

in effect is what the court below charged the jury that the plaintiff must prove.

Moreover, plaintiff did not seek a specific exception to this or any other portion of the charge, but under his general exception, now contends he was irreparably harmed so that a new trial must be granted. We have repeatedly held that only where the errors in the charge are basic and fundamental and could not have been corrected at the trial will this Court consider them under a general exception: *Steele v. France,* 363 Pa. 165, 69 A. 2d 368; *Nicola v. American Stores Company,* 351 Pa. 404, 41 A. 2d 662. ". . . Counsel may not remain silent, take no specific exception to the relevant portion of the charge which he thinks is prejudicial to his client, and later, after an adverse verdict, assign a particular portion of the charge as error. . .": *Spitzer et al. v. Philadelphia Transportation Company,* 348 Pa. 548, 550, 36 A. 2d 503. We find no such basic and fundamental error here.

Judgment affirmed.

Mr. Justice MUSMANNO concurs in the result.