## Lewis *v.* Pittsburgh Railways Company, Appellant.

Argued September 27, 1956.   Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Con F. McGregor,* for appellant.

*Seymour A. Sikov,* with him *John Wirtzman,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, November 13, 1956:

In this action of trespass for negligence, following the jury's verdict for the plaintiff in the amount of $16,000, defendant filed motions for judgment non obstante veredicto and new trial.   From the denial of

these motions by the court below, defendant appeals.

After reading the record, we accept the statement of facts given by the court below as established by the testimony: ". . . the plaintiff was operating his truck in the roadway with the left wheels thereof within the . . . [street railway car] tracks of the defendant; that the plaintiff did not have any knowledge of the presence of defendant's street car behind him until a few moments before the impact; that, at the time of the impact, the plaintiff was proceeding to move his truck over to the right to allow the street car to pass; that the defendant's motorman was operating the street car in the same direction as the truck and behind it; and that, some distance before the impact, the defendant's motorman observed that the left wheels of the truck were within the defendant's tracks." There was sufficient credible evidence from which the jury could reasonably infer negligence on the part of defendant's motorman. Definitely, there were conflicting views of the collision, and it is the jury's province to determine the facts. Defendant's negligence was for the jury: *Hinton v. Pittsburgh Railways Company*, 359 Pa. 381, 59 A. 2d 151.

Defendant avers as basis for a new trial that the court below erred in admitting testimony regarding certain rights of plaintiff under a union contract, and the charge thereon, as an element of plaintiff's damages resulting from loss of earning power. Counsel for the defendant argued before this Court that since the union contract was in existence, the best evidence rule should apply, and therefore the testimony as to the contract provision was inadmissible. But nowhere in the record was this made a basis for an objection. Numerous objections were interposed by counsel regarding the admissibility of the testimony, such as its

being "incompetent, irrelevant, immaterial, hearsay, as being speculative"; again as being "incompetent, irrelevant, immaterial." All are classed as general objections, and none based on the specific grounds argued. As Justice CHIDSEY stated, and this Court held in *Woldow v. Dever*, 374 Pa. 370, 377, 97 A. 2d 777: "The objection . . . was not assigned as a reason for excluding the testimony when the objection was made . . . The question now raised was therefore not properly before the court below and need not be considered by this Court."

A jury is entitled to know all the factors and circumstances present in the case to aid in its determination of the verdict. Certainly the operational effect of plaintiff's job seniority rights, secured by a union contract, should be a consideration in plaintiff's loss of earning power and future employability, as well as the physician's uncontradicted testimony of plaintiff's permanent disability. This is particularly true where, as here, the exercise of these rights by a co-employe would thrust the plaintiff into a job he is physically incapable of performing. It necessarily follows that the testimony was relevant, and if relevant it was proper subject matter to be included in the court's charge to the jury. Moreover, upon concluding the charge, the court below asked counsel if further instructions were desired. After complying with requests for additional instructions, the court again inquired whether anything further was desired, and defendant's counsel replied, "That's all, thank you." Thereafter plaintiff's counsel sought further explanation to the jury. This having been given, the court again inquired, "Is that all right?", and counsel again replied, "That's all." Where a complaining party is invited to modify or suggest additions to the charge and either remains si-

lent or, as here, acquiesces, on appeal this Court will not grant a new trial, unless that portion charged or omitted was basic and fundamental error: *Pryor v. Chambersburg Oil & Gas Company*, 376 Pa. 521, 530, 531, 103 A. 2d 425. See also *Goldstein v. Aronson*, 365 Pa. 435, 76 A. 2d 217.

The defendant further contends that when the court below affirmed plaintiff's points for charge on the exceptions to the general rule, it erred in failing to reiterate the general rule applying to the superior right of way of street railway cars. By necessity this argument must fall for two reasons: first, subsequent to the affirming of the points, the learned trial judge went to great length explaining the general rule and the exceptions to it; and secondly, that it was not also given as a portion of the charge on negligence is immaterial, since to so require would lead to an absurd result by making almost endless the court's task of charging the jury. Defendant's counsel admits that no specific exception was taken to this part of the charge; consequently we cannot consider this point on appeal, unless it is basic and fundamental error,—which it is not.

Nor was the verdict excessive, as the defendant contends. The proof established the following facts: Plaintiff was 32 years old at the time of trial; had medical expenses of approximately $620.00; future medical expenses amounting to about $120.00 per year, and a life expectancy of about 33 years, or future medical expenses of $3960.00; approximately $1000.00 loss of wages; uncontradicted testimony of permanent physical disability of the lower back; impairment of earning power; pain and suffering, enduring to the time of trial; and mental distress resulting from the frequently recurring pain and discomfort. We cannot say that a verdict of $16,000.00 under the circum-

stances " 'is so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below.' ": *Townsend v. Pittsburgh,* 383 Pa. 453, 458, 119 A. 2d 227.

Judgment affirmed.