## Commonwealth *v.* Garrito, Appellant.

*Criminal law—Murder—Misconduct of juryman—New trial.*

The whole subject of new trial in criminal cases, including alleged misconduct of jurors, is largely within the discretion of the trial judge, and his conclusions upon disputed facts will not be disturbed, except for serious and manifest error.

*Criminal law—Murder—Review by appellate court—Province of court and jury—Act of February* 15, 1870, *P. L.* 15.

The review of the law and the evidence required of the Supreme Court in murder cases by the Act of February 15, 1870, P. L. 15, is limited to the inquiry whether competent evidence has been given, which if believed will sustain the conviction. Whether it shall be believed or not is exclusively for the jury.

Argued Oct. 5, 1908. Appeal, No. 276, Jan. T., 1908, by defendant, from judgment of O. & T. Berks Co., Dec. T., 1907, No. 28, on verdict of guilty of murder of the first degree in case of Commonwealth v. Salvatore Garrito. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before ENDLICH, J.

Verdict of guilty of murder of the first degree. Defendant appealed.

*Error assigned* was in the following form:

The court erred in overruling the defendant's first additional reason for a new trial, which was as follows:

One of the jurors had, before the case was called for trial, formed and expressed an opinion that the defendant was guilty and should be hung, and stated that he hoped he would get on the jury, and that if he would, he would hang him. This was not known to the prisoners or their counsel until after the verdict was rendered.

The rule to show cause was discharged.

The evidence does not warrant a conviction of murder in the first degree.

*George D. Humbert,* for appellant.

*Harry D. Schæffer,* district attorney, for appellee, was not heard.

PER CURIAM, October 12, 1908:

The first assignment of error is to the overruling of the

VOL. CCXXII—20

appellant's reason for new trial that a juror had before the trial expressed the opinion that defendant was guilty and should be hanged. It appears that the juror on his voir dire when first called, admitted that he had formed an opinion but testified that he could disregard such opinion and render a verdict on the evidence. This made him a competent juror under all the cases. On the motion for a new trial, however, an affidavit was presented averring not only the expression by the juror of an opinion of the prisoner's guilt, but an intention to hang him if he could get on the jury. The learned judge investigated this charge, and found it not sustained. It is sufficient to say that the whole subject of new trial including alleged misconduct of jurors is largely within the discretion of the trial judge and his conclusions upon disputed facts will not be disturbed except for serious and manifest error.

The second assignment is that the evidence does not warrant a conviction of murder of the first degree. This assignment seems to be founded on the provision of the Act of February 15, 1870, P. L. 15, requiring the Supreme Court to review the law and the evidence and "to determine whether the ingredients necessary to constitute murder in the first degree shall have been proved to exist." But this review is limited to the inquiry whether competent evidence has been given which if believed will sustain the conviction. Whether it shall be believed or not is exclusively for the jury: Com. v. Morrison, 193 Pa. 613.

The objection on which the assignment is based in the present case is that the witness furnishing the testimony which established the degree of the crime was not worthy of belief. But the credibility was for the jury and is not within our province.

Judgment affirmed and record remitted for purpose of execution.