# Commonwealth *v.* Harris, Appellant.

*Criminal law—Murder—Degree—Question for jury—Charge.*

1. On a trial for murder the question of degree is always for the jury. It goes to them with the question of guilt, and an instruction that withdraws it is erroneous.

2. At such a trial the judge charged: "The crime with which you have to do in this case, under the testimony, and according to the theory of the Commonwealth, is the kind known as a wilful, deliberate, premeditated killing. It is therefore necessary that you should have a distinct understanding as to what is meant by wilful, deliberate and premeditated killing." This was followed by clear instructions on the subject, and the jury were repeatedly told that it was their duty to fix the degree. *Held,* that the charge did not take the question of degree from the jury.

3. Under the Act of February 15, 1870, P. L. 15, the duty of the appellate court in reviewing the evidence on an appeal from a conviction of murder of the first degree, is limited to the inquiry whether competent evidence to sustain a conviction was presented by the Commonwealth. The credibility of the witnesses is for the jury.

Argued October 7, 1912. Appeal, No. 301, Jan. T., 1912, by defendant, from judgment of O. & T. Fayette Co., June T., 1912, No. 12, on verdict of guilty of murder of the first degree in case of Commonwealth v. John Harris. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Indictment for murder. Before UMBEL, P. J.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree on which judgment of sentence was passed.

*Errors assigned* were various instructions.

*George Patterson,* for appellant.

*S. Ray Shelby,* District Attorney, and *S. John Morrow,* Assistant District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, November 7, 1912:

On a trial for murder the question of degree is always for the jury. It goes to them with the question of guilt and an instruction that withdraws it is erroneous: Commonwealth v. Sheets, 197 Pa. 69; Commonwealth v. Kovovic, 209 Pa. 465; Commonwealth v. Frucci, 216 Pa. 84. In the case last cited a reversal was had because of the instruction in the charge, "You will have to do in this case with the kind of murder stated in the statute as wilful, deliberate and premeditated murder" and in the answer to the request of the jury to again define to them murder of the first degree, murder of the second degree and manslaughter, "It is the wilful, deliberate and premeditated killing that you are to deal with in this case." These expressions were held to be equivalent to an instruction that the crime committed was murder of the first degree and to take from the jury the right to fix the degree. In the case at bar the instruction complained of was, "The crime with which you have to do in this case, under the testimony and according to the theory of the Commonwealth, is the kind known as a wilful, deliberate and premeditated killing." It is argued that this instruction under the ruling in Commonwealth v. Frucci, supra, entitled the appellant to a reversal. This expression standing alone is not free from criticism, but considered in the connection in which it was used it is not open to the objection urged

against it.   It was followed by the statement, "It is
therefore necessary that you should have a distinct un-
derstanding as to what is meant by 'wilful, deliberate
and premeditated killing' " and by clear instructions on
the subject and the jury were repeatedly told that it
was their duty to fix the degree.   Considering the whole
charge the jury must have understood that it was the
Commonwealth's theory based on its testimony to which
the court referred.

We have reviewed the testimony in the case as re-
quired by the Act of February 15, 1870, P. L. 15, "to
determine whether the ingredients necessary to con-
stitute murder of the first degree shall have been proved
to exist."   This review is limited to the inquiry whether
competent evidence to sustain a conviction was pre-
sented by the Commonwealth: Grant v. Commonwealth,
71 Pa. 495; Commonwealth v. Garrito, 222 Pa. 304;
Commonwealth v. DeMasi, 234 Pa. 570.   We find that
it was and that under the Commonwealth's testimony
the murder was wilful, deliberate and premeditated.
With this our duty ends; the credibility of the wit-
nesses was for the jury.   The remaining assignments of
error call for no discussion; a number of them are not
based on exceptions, and those that are are without
merit.

The judgment is affirmed and the record is remitted
for the purpose of execution.