# Commonwealth *v.* Scott, Appellant.

*Criminal law—Murder—Remarks of district attorney.*

1. A conviction in a murder trial will not be set aside because the district attorney said to defendant's counsel "you have a vivid imagination" and "we cannot even tell the truth," where the trial judge refused the request to withdraw a juror, but, cautioned the jury to entirely disregard the matter.

*Criminal law—Murder—Evidence.*

2. In a murder trial, it is proper to show that the deceased was a police officer, where there is ample evidence that defendant knew this was the case.

*Criminal law—Murder—Evidence—Offer of reward.*

3. In a murder trial it is competent for the Commonwealth to show that a reward had been offered for the prisoner's arrest.

*Criminal law—Murder—Intention—Premeditation.*

4. A felonious killing is presumed to be malicious, and, as malice divides manslaughter from murder, is presumed to be the latter, but only of the second degree.

5. If there is a well defined intent to take life, then the offense will be murder of the first degree.

6. Such intent may be shown from the deliberate use of a deadly weapon upon a vital part.

7. Although the prisoner may not have borne malice previously against the deceased, yet in a very short conversation at the time of the killing he may have formed in his own mind the conscious purpose of taking life and selected the instrument of death. This is for the jury.

*Appeal—Review—Verdict might have been different.*

8. That a verdict might have been different affords no ground for the interference of the appellate court.

Argued May 25, 1925. Appeal, No. 111, March T., 1925, by defendant, from judgment of O. & T. Westmoreland Co., Nov. T., 1924, No. 276, on verdict of murder of the first degree in case of Commonwealth v. James Scott, alias James Allen. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before DOM, J.

The opinion of the Supreme Court states the facts.

Verdict of murder of the first degree upon which sentence was passed. Defendant appealed.

*Errors assigned* were various rulings and instructions, quoting record.

*James L. Colbert,* with him *Adam B. Shaffer* and *Patrick McKague,* for appellant, cited: as to the remarks of the district attorney, Com. v. Burner, 11 Pa. C. C. R. 428; Hager v. State, 133 Pac. Rep. 263.

*Nevin A. Cort,* District Attorney, with him *P. K. Shaner,* Special Assistant District Attorney, for appellee.

OPINION BY MR. JUSTICE WALLING, June 27, 1925:

This appeal by defendant is from sentence on conviction of murder of the first degree. George Rea, the chief of police of the Borough of West Newton, Westmoreland County, and its only police officer, while on duty as such at about three o'clock on the morning of September 16, 1924, met the defendant, James Scott, and another young colored man named Evans and two colored girls. Attracted by their conversation he stopped them, to ascertain if they had any "moonshine." Satisfying himself that Evans had not, the officer turned to Scott and asked him, inter alia, if he had any "moonshine"; at which the latter drew a 38 calibre revolver and saying "This is what I have for you," shot him through the abdomen, inflicting a mortal wound. Defendant fled but was apprehended eight days later in West Virginia, where he was known by another name and at first denied his identity. Defendant set up self-defense to the effect that before he shot, the officer reached for his gun and said, "I will fix you"; but this defense was supported only by his own testimony and was disproved by that of his three companions and by other witnesses.

While a Commonwealth's witness was on the stand the district attorney said to defendant's counsel, "You have a vivid imagination" and, "We cannot even tell the truth." To which defendant excepted and requested the withdrawal of a juror. The trial judge refused the request, but cautioned the jury to entirely disregard the matter. This action was proper; while the remarks might well have been omitted, they were apparently harmless and certainly not of such gravity as to cause a mistrial. The effect of such incidents depends largely on the atmosphere of the trial and is for the discretion of the presiding judge, which here was wisely exercised.

Defendant denied knowledge of the official character of Rea and on that ground objected to evidence showing he was in fact a police officer. There was ample

evidence, however, that defendant possessed such knowledge, including his own admissions, the fact that he lived and worked near-by and that the officer wore a badge and knew the defendant. Therefore, it was proper to show that Rea was a police officer and to refuse to strike out such testimony.

Defendant was not harmed by the Commonwealth's proof that a reward of $1,000 had been offered for his apprehension. At most it was immaterial. The case was such as to justify offering a reward and no harm was done in allowing that fact to appear. It could not well prejudice a defendant and under some circumstances might help him by tending to show a motive for the prosecution.

No exception was taken to the charge or request that it be reduced to writing and filed of record, hence it is not properly before us for review. Impelled, however, by the gravity of the defendant's situation, we have carefully examined the charge and find it entirely free from error and eminently fair to him. Of course a charge cannot be judged by a single sentence removed from its context.

We have also examined the entire record as is our duty under the Act of February 15, 1870, P. L. 15, to determine if, assuming the truth of the Commonwealth's evidence (Com. v. Harris, 237 Pa. 597; Com. v. DeMasi, 234 Pa. 570; Com. v. Morrison, 193 Pa. 613; McGinnis v. Com., 102 Pa. 66; Staup v. Com., 74 Pa. 458; Grant v. Com., 71 Pa. 495), the elements of first degree murder were present, and find they were.

In view of the verdict, the question of self-defense drops out of the case; in fact, defendant made no such claim when apprehended, but then, or as soon as he admitted his identity, said he shot the officer to avoid being arrested with the revolver upon his person. A felonious killing, which here clearly appeared, is presumed to be malicious and, as malice divides manslaughter from murder, is presumed to be the latter, but only of the

second degree.  In the instant case there was no sufficient provocation or mitigation to reduce the offense to manslaughter; the officer had neither touched, threatened nor attempted to arrest the defendant; hence, it was clearly a case of murder, but was it shown to be of the first degree?  If so, there must have appeared a well defined intent to take life; this may and often is inferred from the circumstances.  Furthermore, such intent may be implied from the deliberate use of a deadly weapon upon a vital part; in other words, a person is presumed to intend the natural and probable consequences of his own voluntary acts.  So, where, as here, a man standing at close range intentionally discharges a 38 calibre revolver into the abdomen of another, it may properly be inferred, in the absence of any qualifying circumstances, that he intended the natural and almost inevitable result of such act,—the death of his victim.  Again, although there was no evidence that defendant bore the officer any ill-will prior to the meeting that night, it was for the jury to say, under the instructions of the trial judge, whether, during that brief conversation, defendant formed in his mind the conscious purpose of taking life and selected the instrument of death, and as they so found we cannot disturb the verdict.  We have often sustained capital convictions where the time for deliberation was equally brief.  See Com. v. Buccieri, 153 Pa. 535; Com. v. Reed, 234 Pa. 573; Com. v. Dreher, 274 Pa. 325.  It is the fully formed purpose, not the time, which constitutes the higher degree, and of the fact that it was so formed the jury must be well satisfied.  The responsibility, however, rests upon them and upon the trial court; the most we can do is to see that the defendant was accorded all his legal rights.  That a verdict might fairly have been different affords no ground for our interference: Com. v. Ranz, 211 Pa. 507.  That the deceased was an officer on duty and that defendant was unlawfully carrying such a deadly weapon con-

cealed upon his person probably had some weight with the jury.

The judgment is affirmed and the record is ordered remitted for the purpose of execution.