## Ellsworth v. Lauth, Appellant.

Argued March 28, 1933.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles J. Margiotti,* with him *Edward Friedman* and
*W. W. Barbour,* for appellant.

*L. B. Gregory,* of *Driscoll & Gregory,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, April 24, 1933:

Plaintiff was injured while riding as a guest of defendant, in an automobile owned and being driven by him along a well-paved country road, nearly level, at the rate of 40 to 50 miles an hour. When the car reached the end of that highway, defendant, instead of turning it into the intersecting road, continued straight ahead, so that the car jumped a ditch on the far side of the crossroad and overturned in a field just beyond. On this appeal from the judgment entered on a verdict in favor of plaintiff, no question is raised as to defendant's negligence or as to the amount of the verdict. Hence these matters will not be reviewed, but we shall limit this opinion to showing that defendant has no just cause of complaint regarding the matters urged as reasons for reversing the judgment.

Defendant's automobile was a one-seated car, defendant being on the left side thereof, plaintiff in the middle and another lady guest on the right. The time of the accident was an early morning in late October, when day was just breaking. Defendant was an experienced driver; knew the speed at which he was traveling; was acquainted with the route he intended taking, and that he would have to turn into another road at the place of

the accident. He had last traveled that route the evening before. Plaintiff was not an automobile driver; did not know how fast the car was going; was not acquainted with the road, though she had been plaintiff's guest on the trip the evening before the accident; and was so seated as to have little opportunity, at that time of day, to see the surrounding country.

Defendant's first contention is that the court below erred in not affirming his point for binding instructions, because of plaintiff's alleged contributory negligence in not seeing the danger which was imminent, and giving him warning of it. This contention is erroneous both on the facts and the law. She was not running the car and defendant was. He knew the speed he was traveling, but she did not. He knew the route and that they were probably nearing the turn in the road, but she did not. Moreover, as the driver of the car, he was bound to keep a continuous lookout to see that they ran into no danger, and she was not: Barth v. Lackawanna & Wyoming Valley R. R. Co., 310 Pa. 168. "The extent to which one, in the position of a guest, should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar to each case; unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issue involved must be submitted to the jury for determination": Minnich v. Easton Transit Co., 267 Pa. 200, 204. To the same effect are Jerko v. Buffalo, Rochester & Pittsburgh Ry. Co., 275 Pa. 459; Murray v. Baltimore & Ohio R. R. Co., 281 Pa. 474, 476; Schlossstein v. Bernstein, 293 Pa. 245. Under the facts above stated, the court could not have rightfully ruled, as a matter of law, that plaintiff was guilty of contributory negligence; and the jury, after a charge as to which, respecting this point, no complaint is made, found she was not guilty as a matter of fact.

It is next urged that the court below erred in not withdrawing a juror under the following circumstances: When plaintiff's physician was under cross-examination

by defendant's counsel, the following appeared: "Q. Have you ever rendered her [plaintiff] a bill for your services? ...... A. I did not render a bill direct to her, I rendered a bill direct to the insurance company at their request." Defendant's counsel thereupon moved the court to withdraw a juror and continue the case, which motion was refused because the answer "did not indicate that the reference was to an insurance company that had insured defendant against liability and was, therefore, interested in the result of the trial"; but the trial judge struck out the answer and carefully cautioned the jury not to pay any attention to what the witness had said on that subject. This was a proper disposition of the matter. The answer was to a question propounded by defendant's counsel on cross-examination, with which plaintiff had nothing to do, and was not led up to by anything asked in the examination in chief. While the rule which forbids the introduction of evidence by plaintiff that defendant is insured against liability, will be strictly adhered to, it would be an anachronism to apply it in favor of a defendant who himself educed the evidence to which he objects, without plaintiff being in any way responsible, directly or indirectly, for its production. See Amey v. Erb, 296 Pa. 561, 567.

The only other matter referred to in the statement of the questions involved (to which the appeal is limited: Keller v. N. J. Fidelity & Plate Glass Ins. Co., 306 Pa. 124) grows out of the use of the American Experience Tables of Mortality. When they were offered in evidence, the trial judge said he would explain in his charge to the jury the extent to which they might properly be considered. This he did, and no specific objection was made thereto. Defendant now contends, under his general exception to the charge, that the explanation of the trial judge was inadequate. This alleged error not being basic and fundamental, however, cannot properly be complained of under a general exception: Medvidovich v. Schultz, 309 Pa. 450, 453. But if we assume it could

be, defendant would not be helped under the circumstances appearing here. At the end of the charge, the trial judge said to counsel: "Is there anything further you wish me to call to the jury's attention?" and the answer was "Nothing further, your Honor." The objection not being basic and fundamental, that answer concluded the matter: Moore v. Leininger, 299 Pa. 390.

The judgment of the court below is affirmed.