## Majors et ux. v. Lucaric

*T. A. Tenor*, for plaintiffs.

*Robert L. Orr*, of *Reed & Ewing*, for defendant.

READER, P. J., December 31, 1940.—The above-entitled action arises out of a collision between the automobile of

plaintiffs, Mary Majors and John Majors, and one driven by defendant, John Lucaric. The accident took place on April 16, 1940.

Plaintiffs, Mary Majors and John Majors, aver in their statement that the accident was occasioned solely by the negligence of defendant. The action is brought to recover damages to the automobile of plaintiffs, and does not involve the question of personal injuries. The individual plaintiffs have joined with them as a plaintiff New Hampshire Fire Insurance Company which carried property insurance upon their automobile. The insurance company is joined by the individual plaintiffs on the assumption that it is a party in interest and therefore within the provisions of Pa. R. C. P. 2002 adopted by the Supreme Court. This rule reads in part as follows:

"(a) Except as otherwise provided in clauses (b) and (c) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

The statement avers that the insurance company has, in part, made an expenditure on account of repairs to plaintiffs' car. If this fact is established at the trial, the joinder of the insurance company as party plaintiff would probably be justified.

In this connection we call attention to what seems to us to be an inconsistency in plaintiffs' statement, although it has nothing to do with the decision of the question now before us. The case is in court on an appeal from a judgment before an alderman in the City of Beaver Falls. The judgment was in favor of plaintiffs in the sum of $133.04. This seems to be the amount of the repair bill. In the proof of claim made by the individual plaintiffs to their insurance company they tendered subrogation to that company for $83.04, deducting the $50 not covered by the insurance policy. The amount of the repair bill is referred to in the statement of claim, but it is also averred that plaintiffs' automobile was worth about $700 at the time of the loss and about $400 afterwards, and the state-

ment contains a claim for damages in the sum of $300. If the insurance company covers the entire loss, the insurance company should be subrogated to a considerably larger sum than $83.04, named in the individual plaintiffs' proof of loss. As stated this is not a matter involved in the decision of the question now before us.

In the statement of claim the eighth paragraph reads as follows:

"8. The said plaintiff New Hampshire Fire Insurance Company further avers that the Aetna Insurance Company insured the defendant under a so-called property and liability damage policy, and is a real party in interest, such as is properly disclosed when the real party in interest rule applies to the plaintiff."

Following the filing of the statement of claim defendant made a motion to strike out the eighth paragraph on the ground that the Aetna Insurance Company, alleged to be defendant's insurer, is not a real party in interest, and therefore cannot properly be made a party to the proceeding. To this motion an answer was filed by plaintiffs and the question for decision is whether or not paragraph 8 of the statement should be stricken out.

We think the real question before us is whether the Aetna Insurance Company, alleged to be defendant's insurer, is a real party in interest. We are satisfied that it is not such a party within the meaning of rule 2002 above quoted. That rule evidently governs plaintiff in an action and not defendant, since it requires that all actions shall be prosecuted by and in the name of the real party in interest. We think the rule is not applicable to a defendant in the position of defendant in the instant case. We are further of the opinion that, even if the rule were applicable, it could not be said that defendant's insurer, if he has one, is a real party in interest to an action brought by plaintiffs. They have no present right of action against defendant's insurer. This position is taken in the case relied upon by plaintiffs, that of Wolf et al. v. Gross, 38 D. & C. 413. We are satisfied, therefore, that defendant's

insurer cannot be brought into the case as a real party in interest.

The case of Wolf et al. v. Gross, supra, was decided by the Court of Common Pleas of Lancaster County. That court refused to strike from plaintiff's statement an averment as to defendant's insurer, similar to the averment involved in the instant case. The ground upon which this action was taken, however, was not that defendant's insurer was a party in interest, but that since plaintiff was required to join his insurance company he should be permitted to introduce in the pleadings and in the evidence the fact that defendant was insured in order to produce equality between plaintiff and defendant. In other words, the court was of the opinion that plaintiff would be prejudiced in his action by the joinder of his insurance company, and that to compensate him for his disadvantage the fact that defendant was insured, although prejudicial to defendant, must be permitted to be introduced.

We are not satisfied that this is a correct application of rule 2002, above referred to, or that it is consistent with the rules established by the decisions of our appellate courts. It is well settled by these decisions that reference may not be made in the course of a trial of an action, brought by a plaintiff against a defendant to recover damages on the ground of alleged negligence, to the fact that defendant is insured against such liability. This rule has been very rigidly enforced. In many cases judgments have been reversed because of the introduction of such prejudicial reference to defendant's insurance. The cases recognize an exception to the rule where the prejudicial matter may be developed as an incident to the cross-examination of witnesses, particularly where the cross-examination is by counsel for defendant. The cases involving the application of this rule are recited and discussed at length in the case of Ellsworth v. Lauth, 311 Pa. 286, and in the case of Kaplan et al. v. Loev, 327 Pa. 465. The rule is so well settled that we think no discussion of the authorities is required. We are satisfied that only

imperative necessity to protect plaintiffs would justify the setting aside of this rule. We are not satisfied that such a course is required in the instant case, or in any similar case.

It is not apparent to us that plaintiff, in asserting and maintaining his right of action, is prejudiced by the fact of the joinder of his insurer as plaintiff. If its joinder is necessary, it is by reason of the fact that plaintiff has assigned his claim to the insurance company, or that the insurance company has paid or assumed the damages suffered by plaintiff, in whole or in part. If plaintiff's claim for damages has been adjusted to his satisfaction by his insurance company, and the claim has been assigned to the insurance company, or the insurance company, by right of subrogation, is entitled to recover the entire damages, there can be no possible prejudice to plaintiff. If the insurance company is subrogated by reason of the fact that it has satisfied plaintiff's claim for damages in part only, it seems to us that the joinder of the insurance company does not prejudice plaintiff's action. The right of the insurance company can be clearly defined by the extent to which it has compensated plaintiff. If the damages are in excess of this amount this fact can be established by evidence. We cannot see how, in either event, the individual plaintiff is prejudiced by the fact that he has been paid in whole or in part.

There is the further consideration where the individual plaintiff has been paid in part only for his damages by the insurance company, that as to him the introduction in evidence of the fact that defendant is insured will be just as prejudicial to defendant as if there were no insurance company joined as plaintiff. This situation exists in the instant case. The insurance company joined as plaintiff is subrogated, if at all, only to the extent of payment made by it, or for which it may be liable under its policy. For any excess damages, over the amount for which the insurance company is liable, the individual plaintiff may recover, if he is entitled to recover at all.

In the instant case there would be at least the $50 not covered by insurance.

We think, therefore, that permitting in such a case, and in this case, the introduction of evidence as to defendant's insurance would not tend to produce equality between plaintiffs and defendant. It would still prejudice defendant unnecessarily. We are satisfied that no such result was contemplated in the adoption of rule 2002. It is further to be observed that the question of prejudice to defendant is not the only objection to the introduction of evidence as to his insurance. Such evidence is wholly irrelevant to the issue on trial. The position which we have just stated is in accordance with the views expressed in the recent case of Goodwin et al. v. Scott, decided by Court of Common Pleas No. 6 of Philadelphia County, 39 D. & C. 613. We also call attention to the case of Hemminger v. Johnson, 39 D. & C. 13.

We are of the opinion, therefore, that the averments contained in paragraph 8 of plaintiffs' statement are irrelevant, and that no evidence in support of such averments could properly be introduced upon the trial of the case. We think, therefore, that paragraph 8 of the statement of claim should be stricken out.