## Spitzer et al., Appellants, v. Philadelphia Transportation Company.

Argued January 7, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*Frank J. Eustace, Jr.,* with him *Reuben Singer* and *Francis M. McAdams,* for appellants.

*Marshall A. Coyne,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 20, 1944:

This is an action in trespass by Stanley Spitzer, a minor, and Louis Spitzer and Sara Spitzer, his guardians, appellants, against the Philadelphia Transportation Company to recover damages for injuries to said minor resulting from the alleged negligence of a driver of one of its trackless trolleys. A jury returned a verdict for appellee. This appeal is from the dismissal of appellants' motion for a new trial.

The evidence was conflicting with regard to whether the trolley hit the minor appellant or whether said minor drove his bicycle into the trolley. Appellants have assigned as error the action of the trial court in sustaining objections to the testimony of two of appellants' witnesses, called in rebuttal, for the purpose of describing the bicycle as it appeared after the accident and also the action of the trial judge in commenting upon the evidence in a manner unfavorable to appellants. Rule 26 of the Supreme Court provides: "In cases of jury trial, when the error alleged is the admission or rejection of evidence . . . the assignment must quote verbatim the question or offer, the objection thereto, the ruling of the court thereon, *and the evidence admitted, rejected, or stricken out,* or which the court refused to strike out, and the exception . . ."

"Alleged error in the exclusion of evidence will not be considered, unless the record shows what such evidence would have been or otherwise preserves such evidence

for the consideration of the reviewing court, either literally or in substance, and shows that it was offered and actually excluded, the grounds urged for its admission . . . and unless the record shows that such evidence would have been favorable to appellant and material and relevant": 4 C. J. S., p. 1668. See *Scranton Lackawanna Tr. Co. v. Birbeck,* 333 Pa. 502, 506; *Sanner v. U. S. Transfer Co.,* 127 Pa. Superior. Ct. 191, 194.

No offer of proof was made and the record fails to show what the testimony of the witness would have been or in what manner it might have affected the verdict. The assignments of error are purely argumentative and hypothetical. They presuppose the existence of facts not of record. Assignments of error must be complete in themselves. See 9 Standard Pennsylvania Practice, Section 267. Counsel cannot go beyond the record and insert argument as a basis for the assignment of error but must have on the record all matter necessary to constitute a proper assignment of error. See *Prenatt v. Messenger Printing Company,* 241 Pa. 267, 270. Assignments 1 and 2 are not proper and cannot be considered in this appeal.

The remaining three assignments are to the charge of the trial judge, to which only a general exception was taken. While general exceptions are proper, an assignment of error based thereon must show basic and fundamental error. Only such error will be considered by appellate courts: *Ellsworth v. Lauth,* 311 Pa. 286, 290. Counsel may not remain silent, take no specific exception to the relevant portion of the charge which he thinks is prejudicial to his client, and later, after an adverse verdict, assign a particular portion of the charge as error. This places the trial judge in a position of not being able to rectify any erroneous portion thereof. We find no such basic and fundamental error which can be considered on a general exception.

We have carefully considered the entire record, and particularly the charge of the trial court. It discloses

no error that this Court will undertake to correct. See *Schmitt v. Philadelphia,* 248 Pa. 124, 125. The evidence sustains the verdict of the jury. Assignments 3, 4, and 5 are dismissed.

Judgment affirmed.