Ezell Blackburn was shot and killed by appellant, Oren Stowers, at a tavern in Pittsburgh on April 4, 1948. Appellant was indicted, tried and convicted of murder in the first degree, with the penalty fixed by the jury at life imprisonment. His trial was fair and adequate. The trial judge gave a comprehensive and accurate charge to which not a singleexception was taken. Upon motion for a new trial, the court in banc, consisting of the trial judge and two colleagues, reviewed the record, and, in an opinion filed, refused the motion for new trial. This appeal followed.
That defendant shot the victim through the heart and killed him is not disputed. There were four versions in the testimony concerning the killing and the circumstances leading up to it — three given by witnesses and one by the defendant. The first version was that deceased came into the tavern and ordered a soft drink; *Page 437 
that defendant called to decedent to come and pay for the drink, and then defendant shot him. The second was: defendant wanted to pay for the drink and because the deceased would not permit it the defendant killed him. The third version was that defendant paid for the victim's drink and a bar of candy and then shot him. Defendant's version was that while he and the deceased were standing at the bar consuming the beverage, defendant paid for the drink and the candy; that deceased said "This is not going to help you"; he also said to defendant "You have been going out with my girl", which accusation defendant denied; that the deceased seemed angry and defendant thought he intended to do him bodily harm; that deceased made a motion as if to draw a weapon from his hip pocket, whereupon defendant, in self defense, drew his gun and shot the victim through the heart causing his death; that he did not intend to kill deceased and aimed for the victim's hip, but the gun was faulty and caused the fatal wound.
The appellant has filed eleven assignments of error. The first two (embracing reasons for new trial) relate to the denial of the motion for new trial and pronouncement of sentence. The next eight concern claims of error in the charge. The last pertains to refusal to admit testimony.
Where there has been a failure to except to a judge's charge, ordinarily an appellate court will not pass upon alleged errors. However, in a homicide case, where a defendant's life or liberty is at stake, and where defendant may have been deprived of a fair and impartial trial, or suffered manifest injustice, an appellate court will review the case notwithstanding the failure of defendant's counsel to take proper exceptions: Commonwealth v. Scott, 284 Pa. 159, 162,130 A. 317; Commonwealth v. Corrie, 302 Pa. 431, 436, 153 A. 743. *Page 438 
We have reviewed both the law and the evidence to determine whether the ingredients necessary to constitute murder in the first degree were proven to exist: Act of February 15, 1870, P. L. 15, section 2, 19 PS 1187. Beyond any question of doubt these elements were proven to exist. We have carefully examined the charge and find it adequate and entirely free from error. It was eminently fair to defendant. All of the assignments of error are devoid of merit and need not be considered and treated seriatim.
Judgment affirmed.