Commonwealth *v.* Butler, Appellant.

Argued December 2, 1970. Before BELL, C. J., COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Edward H. Weis,* Assistant Defender, with him *John W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Arthur R. Makadon,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, January 26, 1971:

On December 15, 1945, appellant was arrested for the shooting of Gertrude Phillips. As a result of the shooting, Gertrude Phillips subsequently died, and on January 30, 1946, appellant was indicted for murder, voluntary manslaughter and involuntary manslaughter.

On *May 1, 1946,* a jury found the appellant guilty of murder in the first degree and fixed the penalty at life imprisonment. Motions for a new trial were filed, but on *May 3, 1946,* these motions were withdrawn and a judgment of sentence was pronounced and entered by the Court. Throughout all these proceedings, appellant was represented by counsel.

On *June 7, 1967,* appellant filed his first Post Conviction Hearing Act petition and Judge SPORKIN grant-

ed appellant the right to file motions for a new trial nunc pro tunc. These motions were filed on *May 16, 1968,* but were never argued or even listed for argument, and were never disposed of by the Court.

On February 17, 1969, a petition for a writ of habeas corpus was filed in the U. S. District Court for the Eastern District of Pennsylvania. This petition was denied for failure to exhaust State remedies.

On March 21, 1969, a second Post Conviction Hearing Act petition was filed (by counsel for appellant) and appellant was again granted the right to file motions for a new trial nunc pro tunc. These motions were filed and argument was heard by Judges SLOANE, SPORKIN and DOTY, on April 23, 1970. From the denial of these motions, appellant took this appeal.

Appellant makes four contentions, all of which deal with the charge to the jury given by the late Judge Vincent A. CARROLL. *No specific* exceptions were taken to the charge, but appellant was granted a general exception.

No specific exceptions having been taken, our review is governed by *Commonwealth v. Williams,* 432 Pa. 557, 248 A. 2d 301; and *Commonwealth v. Jennings,* 442 Pa. 18, 274 A. 2d 767 (1971). In *Williams,* we said (pages 563-564): "The Commonwealth contends that appellant's failure to take an exception to the charge prevents our consideration of any errors therein. Because of fairness to all the parties to the litigation and the speedy administration of trials and of Court business, it is a well established *general rule\** that an appellate Court will not reverse (1) on a point (a) *where no exception was taken* by appellant (Commonwealth v. Stowers, 363 Pa. 435, 437, 70 A. 2d 226; Commonwealth v. O'Brien, 312 Pa. 543, 168 Atl. 244;

---

\* Italics throughout the quotation from *Commonwealth v. Williams* were italicized therein.

Commonwealth v. Donough, 377 Pa., supra (page 53) ) ; Leech v. Jones, 421 Pa. 1, 2, 218 A. 2d 722; Millili v. Alan Wood, 418 Pa. 154, 156, 162, 166, 209 A. 2d 817; Patterson v. Pittsburgh Railways Co., 322 Pa. 125, 185 Atl. 283; Commonwealth v. Scott, 284 Pa. 159, 162, 130 Atl. 317) ; or (b) to which *only a general exception was taken* (Commonwealth v. Smith, 374 Pa. 220, 225, 97 A. 2d 25; Enfield v. Stout, 400 Pa. 6, 14, 161 A. 2d 22; Spitzer v. P.T.C., 348 Pa. 548, 550, 36 A. 2d 503; Ellsworth v. Lauth, 311 Pa. 286, 290, 166 Atl. 855; Medvidovich v. Schultz, 309 Pa. 450, 453, 164 Atl. 338) ; or (2) *on a ground not raised in or by the Court below* (Commonwealth v. Robinson, 317 Pa. 321, 323, 176 Atl. 908; White v. Moore, 288 Pa. 411, 416-417, 136 Atl. 218).

*"However, this general rule will not be applied* where there is basic and fundamental error which affects the merits or justice of the case, or, as some cases express it, offends against the fundamentals of a fair and impartial trial (see cases infra, and particularly Commonwealth v. O'Brien, 312 Pa., supra, and Commonwealth v. Corrie, 302 Pa. 431, 436, 153 Atl. 743), or deprives a defendant of ' "that fundamental fairness essential to the very concept of justice," and, hence, denies him due process of law guaranteed by the Fourteenth Amendment': Payne v. Arkansas, 356 U.S. 560, 567; Stroble v. California, 343 U.S. 181, 191; Lisenba v. California, 314 U.S. 219; Lyons v. Oklahoma, 322 U.S. 596, 605; U.S. v. Atkinson, 297 U.S. 157, 160; Silber v. U.S., 370 U.S. 717, 718; [footnote omitted] Commonwealth v. Smith, 374 Pa., supra; Commonwealth v. Donough, 377 Pa., supra; Commonwealth v. Robinson, 317 Pa., supra; Commonwealth v. O'Brien, 312 Pa., supra; Commonwealth v. Stowers, 363 Pa., supra; Commonwealth v. Scott, 284 Pa., supra; Commonwealth v. Corrie, 302 Pa., supra. Accord: Leech v.

Jones, 421 Pa., supra; Enfield v. Stout, 400 Pa., supra; Spitzer v. P.T.C., 348 Pa., supra; Patterson v. Pittsburgh Railways Co., 322 Pa., supra; White v. Moore, 288 Pa., supra; Millili v. Alan Wood, 418 Pa., supra; Ellsworth v. Lauth, 311 Pa., supra; Medvidovich v. Schultz, 309 Pa., supra. This exception to the general rule is always applied where a defendant's life or liberty is at stake. Commonwealth v. Stowers, 363 Pa., supra; Commonwealth v. O'Brien, 312 Pa., supra."

Since appellant is complaining of specific portions of the charge to the jury, they must be considered not only under the aforesaid principles laid down in *Commonwealth v. Williams,* 432 Pa., supra, but also by the principle iterated in *Commonwealth v. Butler,* 405 Pa. 36, 173 A. 2d 468, cert. denied, 368 U.S. 945. In *Commonwealth v. Butler,* this Court pertinently said (page 52) : "It is elementary that the instructions to a jury must be read as a whole and the correctness and adequacy thereof determined from that reading: Commonwealth v. Thompson, 321 Pa. 327, 184 Atl. 97 (1936) ; Commonwealth v. Gibbs, 366 Pa. 182, 76 A. 2d 608 (1950)."

Appellant contends that the lower Court erred in instructing the jury as follows: "It means, as well, this defendant will go free at your hands if you are convinced of his innocence—not beyond a reasonable doubt —you must be convinced of his guilt beyond a reasonable doubt—but if you are not convinced beyond a reasonable doubt, and on the other hand, you are convinced of his innocence, it is your duty to say he is not guilty." Standing alone, this portion of the charge is confusing, but no specific exception was taken and when the charge of the Court is considered in its entirety (as it must be), it does not amount to basic and fundamental error.

The Court went on to charge: "In every criminal case the defendant is presumed to be innocent until the

Commonwealth proves his guilt by clear, satisfactory evidence beyond a reasonable doubt. Unless the guilt is so proven, you must acquit, no matter what you believe the facts and circumstances to have actually been. No fact can be considered as existing until it has been proven beyond a reasonable doubt. It is not necessary, however, that all facts be shown by direct evidence. It is sufficient that such chain of circumstances be proven beyond a reasonable doubt as shall convince you of the particular fact in dispute.

"I am speaking now of the presumption of innocence which attends every person charged with crime. This presumption in this very important case should be well known and understood by each of you. It is your duty to assume, without proof, that the defendant is innocent—in other words, he steps to the bar of the court clothed with the presumption of innocence, and you must presume that, and I charge you, that is the law. You must presume he steps to the bar of the court clothed in the presumption of innocence, and that attends him all throughout the trial, and he remains innocent until you are convinced by the evidence which satisfied you beyond every reasonable doubt of his guilt."

Appellant next contends that the lower Court erred in defining reasonable doubt, and points to the following portion of the charge: "The reasonable doubt of which I spoke, and you have heard so many times, a reasonable doubt means such doubt that is so substantial, so pleading to your reason, as to prevent you from coming to a decision. You debate upon some important matter of your own business in your own private life, and you can't come to a decision after thinking the matter over carefully, you are still in doubt and you cannot decide the matter, that is a reasonable doubt. It is not such a doubt that a man or woman could con-

jure up in his or her mind for the purpose of relieving himself or herself of the performance of an unpleasant duty. . It is a doubt which clearly arises out of the evidence and *prevents** a decision. If that doubt remains in the case, it belongs, as I said to you, to the defendant."

In *Commonwealth v. Williams,* 432 Pa., supra, we pertinently said (pages 561-562): "We have never adopted and *required*** a standard charge or definition of reasonable doubt. In Commonwealth v. Burns, 409 Pa. 619, 187 A. 2d 552, the Court said (page 635):

" 'The burden is on the Commonwealth to prove the defendant guilty beyond a reasonable doubt. Reasonable doubt as defined by the Court in Commonwealth v. Donough, 377 Pa. 46, 51, 52, 103 A. 2d 694 (1954) is as follows: "A variety of definitions of 'reasonable doubt,' all expressing substantially the same thought, have been approved by the appellate Courts—See Commonwealth v. Kluska, 333 Pa. 65, 3 A. 2d 398. A standard and approved form of charge on this point would be: 'The defendant comes before you presumed to be innocent and the burden is upon the Commonwealth to prove his guilt beyond a reasonable doubt. A reasonable doubt cannot be a doubt fancied or conjured up in the minds of the jury to escape an unpleasant verdict; it must be an honest doubt arising out of the evidence itself, the kind of a doubt that would restrain a reasonable man (or woman) from acting in a matter of importance to himself (or herself).' " ' "

Appellant alleges that the use of the word "prevent" amounts to basic and fundamental error. "Reasonable doubt" is difficult to define—it has often been expressed in somewhat different language. Even if we assume that the use of the word "prevent" was error, consider-

---

* Italics, ours.

** Italics in *Commonwealth v. Williams.*

ing the charge as a whole, it was certainly not basic and fundamental error.

The appellant next contends that the trial Judge committed basic and fundamental error in his review of the evidence. Judge CARROLL stated with respect to the location of the gun, that Dorothy Rogers testified, "Slim [Thomas Jenkins] laid it on the dresser, and it was put in the middle dresser drawer," and that Frances Fields testified, "He removed the gun, from the holster, and put it someplace in that room." The Judge's recollection and summary of their testimony on this point was erroneous. Dorothy Rogers testified, "So he [Thomas Jenkins] put it back in his holster," and Frances Fields testified, ". . . someplace inside his coat or someplace like that."

In *Commonwealth v. Snyder*, 427 Pa. 83, 233 A. 2d 530, this Court said (page 99) : "Where defense counsel does not object,* defendant cannot later complain of alleged misstatements in the trial judge's evidentiary summation without showing that these misstatements contributed prejudicially to the verdict." The aforesaid evidence which was erroneously stated in the Judge's charge concerned events which occurred approximately three hours prior to the actual shooting. It had no realistic importance, and, under the evidence in this case, certainly did not contribute prejudicially to the determination of appellant's guilt, or amount to basic and fundamental error.

Appellant next contends that the charge given to the jury allowed him to be convicted of first-degree murder, even if the killing was accidental. Although appellant did not raise at his trial the defense of accidental killing, he now contends that the trial Judge should have instructed the jury that if the killing was accidental, the Commonwealth had failed to prove murder.

---

* Footnote omitted.

This assertion is devoid of merit, for the trial Judge stated in his charge that an accidental killing was not murder.

Finally, appellant asserts that the charge given the jury allowed for a first-degree murder conviction without any proof of an intention to kill. A review of the charge shows that the trial Judge charged for approximately seven pages concerning the necessity of finding an intention to kill before a first-degree verdict could be found.

We have reviewed and carefully considered the charge as a whole and we find no error which is reached or covered by a general exception and certainly no basic or fundamental error.

Judgment of sentence affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.

Mr. Justice COHEN took no part in the decision of this case.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

While I concur in the result, I do so only because appellant failed to take a specific objection to the challenged portion of the charge. As I have stated at greater length elsewhere, ". . . the basic and fundamental error test used by the majority in the instant case is too vague and lends itself to inconsistent results." *Commonwealth v. Williams,* 432 Pa. 557, 570, 248 A. 2d 301, 308 (1968) (dissenting opinion). Compare *Commonwealth v. Scoleri,* 432 Pa. 571, 248 A. 2d 295 (1968). This case represents yet another instance of the majority's inability to apply this standard with an even hand. See, e.g., *Commonwealth v. Jennings,* 442 Pa. 18, 274 A. 2d 767 (1971); *Commonwealth v. Lowery,* 440 Pa. 361, 269 A. 2d 724 (1970); *Commonwealth v. Myers,* 439 Pa. 381, 266 A. 2d 756 (1970).