Commonwealth *v*. Crosby, Appellant.

Argued April 28, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*David H. Kubert,* with him *Julian E. Goldberg,* for appellant.

*Arthur K. Makadon,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, June 28, 1971:

Appellant Albert Crosby was indicted for the double murders of his estranged wife and Robert Cliett in

April of *1961*. In 1962, while represented by counsel, he pleaded guilty to both indictments charging him with these murders, and was adjudged guilty of murder in the first degree on each indictment and sentenced to life imprisonment. In 1963, appellant sought a writ of habeas corpus in the State Courts and, after a complete hearing, the relief sought was denied. On appeal, in which he was represented by counsel, we affirmed: *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 202 A. 2d 299, cert. denied, 379 U.S. 976. Appellant next sought a writ of Federal habeas corpus. Again, the writ was denied: *United States ex rel. Crosby v. Rundle*, 275 F. Supp. 707 (E.D. Pa. 1967). However, on appeal, the Third Circuit Court reversed and entered an Order directing a new trial: *United States ex rel. Crosby v. Rundle*, 404 F. 2d 790 (3d Cir. 1968). Appellant, while represented by counsel, was then tried before a jury, which returned verdicts of first-degree murder and fixed the sentence at life imprisonment on both indictments. He thereupon took this appeal, in which he was represented by counsel.

On the morning of April 11, 1961, appellant was arraigned in Philadelphia on charges of aggravated assault and battery brought by his estranged wife, Georgia Crosby. Appellant, an auxiliary policeman, later that day went to his wife's apartment. He testified as follows with respect to what thereafter transpired: Upon entering the apartment, he discovered his wife having sexual relations in front of his children with Robert Cliett. He left the bedroom and walked into another room, where his wife soon joined him. When he told her that he would report her conduct to the Court, she shouted to Cliett, "Get him!" Cliett picked up a large wooden slat and charged toward appellant, who then fired the gun in Cliett's direction. Appellant was unable to remember anything after firing the first shot. His first recollection afterwards was that he had

a gun in his hand in an alley about one-half a block from his wife's apartment.

A Commonwealth witness who occupied the second-floor apartment above appellant's wife heard "three bangs," and in a matter of seconds heard "two more bangs." She then heard children scream and went downstairs, where she discovered the two slain bodies of Cliett and appellant's wife.

Appellant's defense for the killing of Cliett was that he acted in self-defense. His defense to the killing of his wife was that he "blacked out" after firing the first shot at Cliett, and hence could not have had the requisite criminal intent to be convicted of any crime subsequent thereto.

Appellant's first contention is that the Court below erred in permitting the district attorney to read into the record the testimony of a Commonwealth witness taken at appellant's degree-of-guilt hearing in 1962, after the Commonwealth proved the unavailability of this witness at the time of trial. The Act of May 23, 1887, P. L. 158, §3, 19 P.S. §582, provides: "Whenever any person has been examined as a witness, either for the commonwealth or for the defense, in any criminal proceeding conducted in or before a court of record, and the defendant has been present and has had an opportunity to examine or cross-examine, if such witness afterwards die, or be out of the jurisdiction so that he cannot be effectively served with a subpoena, *or if he cannot be found,*\* or if he become incompetent to testify for any legally sufficient reason properly proven, notes of his examination shall be competent evidence upon a subsequent trial of the same criminal issue; but, for the purpose of contradicting a witness, the testimony given by him in another or in a former proceeding may be orally proved."

---

\* Italics, ours.

Appellant does not contend that the Commonwealth failed to show the unavailability of this witness. Rather, he claims that there is a substantially significant difference between a degree-of-guilt hearing and a subsequent jury trial, in that the motivation to cross-examine is not as strong in the former proceeding as in the latter, and that the criminal issues are completely different in each. We disagree.

In *Commonwealth v. Clarkson,* 438 Pa. 523, 265 A. 2d 802, we were faced with a similar contention with respect to the difference between a preliminary hearing and an actual trial, in each of which defendant was represented by an attorney. We rejected this contention, and held that there was no error in admitting into evidence at the trial the transcript of the testimony given by a deceased witness if defendant had been represented at the prior proceeding and had had the right to cross-examine the witness. We pertinently said (page 525): "Our basic concern is for the reliability of the testimony which was elicited in the preliminary hearing, and we do not feel that its reliability is affected by the scope or focus of the proceedings." We believe this test of *reliability* is applicable and is met when defense counsel, as here, has the opportunity to cross-examine the now missing witness at a degree-of-guilt hearing. The motive and reason for cross-examination is readily apparent and equally important in each of said hearings, i.e., to challenge and discredit the witness's testimony and lay the grounds for a rebuttal and/or a reduction of the crime.

Appellant's next contention involves the lower Court's refusal to admit the testimony of Dr. Robert L. Sadoff, a psychiatrist. This psychiatric testimony was *not offered to show insanity* under the M'Naghten Rule (in which case it would have been admissible, *Commonwealth v. Woodhouse,* 401 Pa. 242, 164 A. 2d 98), nor for the purpose of showing a mental state *incapable of*

*forming the specific intent* necessary for a finding and verdict of first-degree murder (in which case it would not have been admissible, *Commonwealth v. Ahearn,* 421 Pa. 311, 218 A. 2d 561; *Commonwealth v. Woodhouse,* 401 Pa., supra; *Commonwealth v. Phelan,* 427 Pa. 265, 234 A. 2d 540; *Commonwealth v. Tyrrell,* 405 Pa. 210, 174 A. 2d 852; *Commonwealth v. Melton,* 406 Pa. 343, 178 A. 2d 728; *Commonwealth v. Smith,* 405 Pa. 456, 176 A. 2d 619; *Commonwealth v. Novak,* 395 Pa. 199, 150 A. 2d 102; see also *Commonwealth v. Weinstein,* 442 Pa. 70, 274 A. 2d 182; *Commonwealth v. Rightnour,* 435 Pa. 104, 253 A. 2d 644). Appellant's purpose in offering this testimony was to corroborate his narration and theory of the crime—i.e., that he *blacked out* after firing the first shot at Cliett, so that he was thereafter *unconscious of what he was doing* and, therefore, lacked the requisite criminal intent for the commission of any crime.*

A careful examination of the cases in those jurisdictions which allow and apply this defense of unconsciousness reveals that in no instance has it been applied to a factual situation such as related by this appellant. Unconsciousness as a defense has been permitted only where the defendant's state of unconsciousness resulted from a physical ailment such as epilepsy, *Smith v. Commonwealth,* 268 S.W. 2d 937 (Ky.), or a physical disability such as that resulting from a blow on the head, *People v. Cox,* 65 C.A. 2d 712, 153 P. 2d 362 (Calif.), or the mental condition of somnambulism, *Fain v. Commonwealth,* 78 Ky. 183.

More specifically, the defense of unconsciousness resulting from a blackout—a complete defense—has never been recognized in Pennsylvania where, as here, the defendant's state of unconsciousness is the result

---

* Since appellant claims that the blackout occurred *after* he fired the first shot at Cliett, this testimony could only be relevant, if at all, to the conviction in the subsequent killing of his wife.

of the excitement or emotion naturally engendered by the commission of an unlawful, cold-blooded killing. We believe that the defense of unconsciousness has no application whatever in a situation such as this.*

The Court below did not err in excluding the psychiatric testimony of Dr. Sadoff.

Appellant's remaining contentions all deal with portions of the trial Judge's instructions to the jury. Appellant contends that the Court below erred in instructing the jury that the burden was on defendant to prove (the affirmative defense) self-defense by a fair preponderance of the evidence. This was not error, but rather the well-settled law in this Commonwealth. *Commonwealth v. Gray,* 441 Pa. 91, 271 A. 2d 486; *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108; *Commonwealth v. Johnston,* 438 Pa. 485, 263 A. 2d 376. Furthermore, the trial Judge repeatedly stated —and indeed his last remarks to the jury were—that the Commonwealth has the burden of proving beyond a reasonable doubt every element of the crimes for which appellant was indicted.

Appellant also contends that the Court below erred in failing to charge as to involuntary manslaughter. This contention must likewise fail, for it is clear that there is no need to charge on involuntary manslaughter where there has been no indictment therefor. *Commonwealth v. Edwards,* 431 Pa. 44, 244 A. 2d 683; *Commonwealth v. Hardy,* 347 Pa. 551, 554, 32 A. 2d 767.

Appellant lastly contends that the Court below erred in its charge with respect to voluntary manslaughter. Reading and considering the Court's charge in its en-

---

* If we were to accept appellant's theory of this defense, it would follow that a murderer who lines up seven innocent persons, intending to kill them, shoots and wounds five of them, and then becomes so emotionally excited or upset that he "blacks out," but thereafter shoots and kills the remaining two persons, he would not be guilty of any crime against these two victims.

tirety, as we must—*Commonwealth v. Butler*, 442 Pa. 30, 272 A. 2d 916—we find no error in the Court's charge on voluntary manslaughter.

We have carefully examined all of appellant's contentions and find no merit in any of them.

Judgment of sentence affirmed.

Mr. Justice JONES, Mr. Justice EAGEN, Mr. Justice POMEROY, and Mr. Justice BARBIERI concur in the result.

Mr. Justice ROBERTS dissents.