J-S29018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                              :           PENNSYLVANIA
                                                :
           v.                                :
                                                :
                                                :
DAVID NAM                               :
                                                :
                 Appellant                :      No. 3641 EDA 2018

Appeal from the PCRA Order Entered December 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0302561-1997

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                 **FILED AUGUST 21, 2019**

David Nam appeals from the order, entered in the Court of Common

Pleas of Philadelphia County, dismissing his petition for relief filed under the

Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful

review, we affirm.

The PCRA court summarized the facts as follows:

On August 16, 1996, [Nam] and four of his friends attempted to
rob the home of Anthony Schroeder.  When Schroeder came to
the door with a gun, [Nam] immediately shot him through the
screen door and killed him.  [Nam] and [his] co-conspirators ran
away but returned a few minutes later to steal Schroeder's gun.
Several days later, [Nam's] co-defendants committed another
robbery during which time they were arrested.  Police recovered
[Schroeder's] stolen gun from [Nam's] co-defendants and
eventually connected Schroeder's murder to [Nam].  On January
18, 1997, [Nam] was arrested and charged with murder.  [Nam]
was originally held without bail.  On May 22, 1997, the Honorable
Carolyn Temin granted [Nam's] motion to change his bail status.
On January 12, 1998, [Nam] was released on bail and placed on
house arrest.  After appearing at several pretrial hearings, [Nam]
eventually fled to South Korea on March 12, 1998, the date of his

next court hearing. He was detained by Korean authorities in 1999 but was eventually released as a South Korean citizen, since no extradition agreement existed between South Korea and the United States at that time. Later that same year, an extradition agreement was ratified between the two countries[,] but [Nam] managed to evade both South Korean and American authorities. [Nam] remained in South Korea for over ten years. On March, 18, 2008, [Nam] was arrested in South Korea. In order to fight extradition to the United States, [Nam] wrote to the South Korean [j]udge handling his matter[,] admitting to his crimes and expressing deep remorse. He also begged the [j]udge not to extradite him to the United States.

On September 16, 2008, the South Korean government granted the FBI's extradition request and [Nam] was placed into the custody of the FBI and brought back to Pennsylvania to stand trial. Before leaving South Korea[,] [Nam] was notified that he would not be able to bring any of his belongings with him. As a result, [Nam] requested that FBI Agent [Kevin] McShane take possession of several documents and photographs belonging to [Nam] and bring them back to the United States.

Several of these documents were letters which [Nam] wrote and sent to the South Korean [j]udge handling his extradition matter. These letters included incriminating statements and admissions to his crime. Ultimately, after a motion to suppress these documents was argued before the Honorable Renee Cardwell Hughes, these documents were [] allowed into evidence at trial.

Trial Court Opinion, 2/28/19, at 1-3.

On January 29, 2010, a jury found Nam guilty of the above offenses. He was sentenced to life sentence imprisonment, plus a consecutive aggregate term of 12½ to 25 years' incarceration. Nam appealed his judgment of sentence to this Court and we affirmed his judgment of sentence on March 25, 2011. *Commonwealth v. Nam*, 642 EDA 2010 (Pa. Super. March 25, 2011). Nam filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on September 14, 2011. *Commonwealth v. Nam*,

- 2 -

29 A.3d 372 (Pa. 2011) (per curiam). Nam timely filed a *pro se* PCRA petition on August 8, 2012. On February 28, 2017, Nam amended his petition *pro se*.[1] The PCRA court appointed counsel and he filed a counseled amended PCRA petition on February 10, 2018. On September 6, 2018, the Commonwealth filed a motion to dismiss the petition. The PCRA court sent a Pa.R.Crim.P. 907 notice of intent to dismiss on November 19, 2018. After a counseled response from Nam, the PCRA court dismissed the petition on December 19, 2018. This timely appeal followed.

The sole issue on appeal is whether trial counsel was ineffective for failing to object to the trial court's jury instruction regarding the beyond-a-reasonable-doubt standard. Nam argues the jury instruction mischaracterized the reasonable doubt standard and he suffered prejudice as a result.

Nam's issue concerns trial counsel's effectiveness. We presume counsel was effective, and it is Nam's burden to prove otherwise. ***See Commonwealth v. Fears***, 86 A.3d 795, 804 (Pa. 2014). To prevail on an ineffectiveness claim, Nam must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3)

---

[1] We note that the original petition was not acted upon for more than four years. In the record, there is no explanation for the inaction. Even though Nam amended his petition more than four-and-a-half years after the filing of the original petition, the amended petition is still timely. ***See*** Pa.R.Crim.P. 905(a) (amendments "shall be freely allowed to achieve substantial justice"); ***See also Commonwealth v. Flanagan***, 854 A.2d 489, 495-96, 499-500 (Pa. 2004) (PCRA petition properly treated as amended petition not subject to one-year time limitation even though it had been "dormant for ten years").

[appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

*Commonwealth v. Lesko*, 15 A.3d 345, 373 (Pa. 2011). Nam must prove each element; merely alleging each element is not sufficient. *See Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015). A reasonable basis does not require that counsel chose the most logical course of action, but that the decision had some reasonable basis. *Commonwealth v. Bardo*, 105 A.3d 678, 684 (Pa. 2014). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Mason*, 130 A.3d at 618 (citing *Strickland v. Washington*, 466 U.S. 668, 684 (1984)).

"A trial court's charge to the jury must contain a correct statement of the law." *Commonwealth v. Patosky*, 656 A.2d 499, 505 (Pa. Super. 1995) (citations omitted). Due process prohibits the conviction of a person except upon proof beyond a reasonable doubt. A court is free to use its own form of expression as long as it adequately, accurately, and clearly explains the law to the jury. *Commonwealth v. Wright*, 961 A.2d 119, 145 (Pa. Super. 2008). When addressing challenges to a jury instruction, we consider the challenged portion in light of the entire instruction. *Commonwealth v. Ly*, 980 A.2d 61, 88 (Pa. 2009).

Here, the trial court instructed the jury on reasonable doubt as follows:

[T]his burden we talk about, proof beyond a reasonable doubt, is the highest standard in the law. There is nothing greater, and that is the burden the Commonwealth bears. But this does not mean that the Commonwealth must prove its case beyond all doubt. The Commonwealth is not required to meet some mathematical certainty. The Commonwealth is not required to demonstrate the complete impossibility of innocence. The Commonwealth is[,] in fact[,] not required to answer every single question you may have.

The Commonwealth's burden is to prove the elements of each and every crime beyond a reasonable doubt. Now, a reasonable doubt is a doubt that would cause a reasonably careful and sensible person to pause, to hesitate or to refrain from acting upon a matter of the highest importance to their own affairs or their own interests. A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence that was presented or out of the lack of evidence that was presented with respect to some element of each of the crimes charged.

**I find it useful to think about reasonable doubt this way. Now, because I was fortunate to speak with each and every one of you, I know each and every one of you has someone in your life you love; a sibling, a spouse, a significant other, a parent. Each one of you loves somebody.**

**What if you were told that your precious one had a life-threatening condition and that the only medical protocol for that life-threatening condition was a surgery. Now, if you're like me, you're probably going to ask for a second opinion. You might ask for a third opinion. You'd probably do research; what is this condition, what are the accepted protocols for this condition, what's the likelihood of success, probably go on the internet, do everything you can, and if you're like me, you're going to go through your Rolodex, and everybody that you know who has any relationship to medicine you're going to call them. You're going to talk to them, but at some moment the question is going to be called. You are going to have to cut your research. Do you allow your loved one to go forward[?] If you allow your loved one to go forward with the surgery, it's not because you have moved beyond all doubt. Ladies and gentlemen, there are no guarantees in life. If you go**

> **forward, it's because you have moved beyond all reasonable doubt.**
>
> A reasonable doubt must be a real doubt, ladies and gentlemen. It may not be a doubt that is imagined or manufactured to avoid carrying out an unpleasant responsibility. You may not find David Nam guilty based on a mere suspicion of guilt. The Commonwealth's burden is to prove David Nam guilty beyond a reasonable doubt. If the Commonwealth has met that burden, then David Nam is no longer presumed to be innocent and you should find him guilty. If on the other hand the Commonwealth has not met that burden, then you must find him not guilty.

N.T. Trial, 1/29/10, at 99-101 (emphasis added).

Nam argues the bolded portion above improperly altered the reasonable doubt standard. However, when read in context of the entire instruction, the entire instruction states the law accurately. **See Patosky**, 656 A.2d at 506 ("a reasonable doubt . . . must be an honest doubt arising out of the evidence itself, the kind of a doubt that would restrain a reasonable man (or woman) from acting in a matter of importance to himself (or herself)." **Commonwealth v. Butler**, 272 A.2d 916, 920 (Pa. 1971)). Judge Hughes used language similar to the standard instruction both before and after using a hypothetical to explain the concept of reasonable doubt. N.T. Trial, 1/29/10, at 99,101. Although Judge Hughes' instruction was personalized, trial judges are granted a certain degree of latitude in their jury instructions. **Wright**, 961 A.2d at 145. Judge Hughes stayed within those boundaries.

As the jury instruction was permissible, Nam's underlying ineffectiveness claim does not have merit. **See Lesko**, 15 A.3d at 373. Thus, the PCRA court properly dismissed the petition without an evidentiary hearing.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *8/21/2019*